[Civ. No. 1807. Fourth Appellate District.—June 26, 1936.]

AVAK AVAKIAN et al., Petitioners, v. E. DUSENBERRY, County Clerk, etc., Respondent.

F. W. Docker for Petitioners.

Dan F. Conway, District Attorney, W. C. Tupper, Assistant District Attorney, and Martin C. Thuesen for Respondent.

BARNARD, P. J.—This is a petition for a writ of mandate to compel the respondent clerk to issue an execution.

It appears that the petitioners brought an action against five defendants for an accounting and for the recovery of certain trust funds held by said defendants. In the judgment they recovered in that action the court ordered the defendants, and each of them, to deliver to the plaintiffs as agents for a certain committee the sum of $602.18, then on deposit in a certain bank. ▆ The judgment then contained the following: "It is further ordered, adjudged and decreed that said defendants pay over to plaintiffs, as said agents of said Central Committee, the sum of $1205.00 *loaned by defendants, as trustees of the Fresno branch of said Daron-Dourooperan Compatriotic Union, in violation of their trust.*" (Italics ours.)

The petitioners took out an execution against one of the defendants which was later quashed by the court on motion of this defendant. Since then the respondent has refused to issue an execution, although asked to do so, and this proceeding was brought. The respondent filed a demurrer and an answer, and the only issue raised is as to whether or not the portion above quoted constitutes a personal judgment against the defendants in the former action.

On behalf of the respondent it is contended that this is not a personal judgment for $1205 against the defendants, but that the same merely orders them to pay over that amount if and when the loans are repaid to them.

This controversy arises because of the presence in the judgment of the language we have emphasized. The real question presented is whether this portion changes the effect of that which precedes it.

It is well settled that the test of the sufficiency of a judgment rests in its substance rather than in its form. (*Hentig* v. *Johnson*, 8 Cal. App. 221 [96 Pac. 390, 391]; *Welch* v. *Reese*, 82 Cal. App. 27 [255 Pac. 250]; *Pista* v. *Resetar*, 205 Cal. 197 [270 Pac. 453].) In the first of these cases the court said: "It is urged that the judgment is not justified by the findings, and this for the reason that, instead of adopting the expression 'that plaintiff do have and recover,' etc., the court 'ordered, adjudged and decreed that the defendant Mary Williams, *within ten days from this date,* pay to the plaintiff F. G. Hentig the sum of,' etc. Appellant contends

that this is not a judgment, but merely an interlocutory order. We cannot agree with this contention. While it is irregular in form, it nevertheless, in·substance, conforms to the definition of a judgment as contained in section 577, Code of Civil Procedure. It is a 'final determination of the rights of the parties in the action.' No good reason exists for departure from established and well-recognized forms, but in the absence of.any particular form being prescribed by the code, the test of the sufficiency of a judgment must be the substance rather than its form.

"With reference to the form of judgments, Mr. Black, in his work on the subject (section 115) states the rule as follows: 'It may, therefore, be stated as the modern rule that the form of the judgment is not very material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated.' In discussing the same subject, another law-writer says: 'That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal, if it show: 1st, the relief granted, and 2nd, that the grant was made by the court in whose records the entry is written.' (Freeman on Judgments, sec. 50.) Measured by the above rules, the document in question constitutes a final judgment for money to be enforced by the issuance of a writ of execution against the property of defendant, as provided by section 684, Code of Civil Procedure. As thus interpreted, it follows that the words, 'within ten days from this date,' as here used, perform no office whatever. While their use is unwarranted, they are nevertheless, in our opinion, on the face of the judgment, of no force or effect. If this be true, the use of the words cannot prejudice the substantial rights of the appellant, and it is therefore unnecessary to order a modification of the ·judgment by striking therefrom words which are mere surplusage."

It fully appears that the defendants in the former action were ordered to pay to the petitioners here the sum of $1205 because they had loaned that amount in violation of their trust. The very fact that they were ordered to pay this sum instead of being ordered to turn over the evidences of· debt representing such loans indicates that this was a personal judgment against them. Since they had violated their

trust in loaning the money a personal judgment against them was proper and a reading of the entire judgment leaves no doubt that the court intended this portion of the judgment to have that effect. The part we have emphasized resembles a finding of fact, is merely descriptive, and gives a reason for the judgment. While not properly a part of a judgment this portion may be disregarded as surplusage, and the remainder, while not a model, is sufficient to constitute a personal judgment against the defendants in that action.

For the reasons given the demurrer is overruled and it is ordered that the peremptory writ of mandate issue as prayed for.

Marks, J., and Jennings, J., concurred.