[Civ. No. 7331.  Third Dist.  Mar. 7, 1947.]

RUDOLPH NIEGEL et al., Appellants, v. GEORGETOWN
DIVIDE WATER CO., LTD., Respondent.

Charles L. Gilmore for Appellants.

T. L. Chamberlain and Louis F. Schofield for Respondent.

PEEK, J.—Plaintiffs by their complaint sought injunctive relief and damages against defendant for the alleged negligent maintenance of a ditch, a portion of which crosses plaintiffs' land.  Defendant, a public utility, supplying water for public

purposes in the vicinity of Georgetown, El Dorado County, answered, admitting the ownership and maintenance of said ditch under rights acquired by its predecessors in interest between the years 1850 and 1870, prior to the time of issuance of the patent from the United States for the land now occupied by plaintiffs, and denied any negligence whatever in the maintenance of said ditch. As a separate affirmative defense, defendant alleged that by reason of the continual seepage that has taken place periodically ever since the ditch was constructed, it had acquired a prescriptive right to permit the same.

The trial court in effect found against plaintiffs' charge of negligence on the part of the defendant in causing or permitting the seepage complained of, and also found against defendant's claim of a prescriptive right to cause or permit such seepage, and gave judgment for defendant.

On this appeal which is on the judgment roll alone, plaintiffs contend that, inasmuch as the seepage of water to and upon plaintiffs' land is admitted by the answer, the finding or findings contrary thereto must be disregarded, and therefore plaintiffs have established a case for a recovery under section 14 of article I of the Constitution, which gives a right of compensation to one whose property has been damaged for public use, irrespective of proof of negligence on the part of the taker.

There appear to be two answers to this contention. The first is that the admission (if it be one) contained in one part of the answer, namely, that portion devoted to the special defense of prescription, does not estop defendant from relying on its denial in the other portion. Our code system of pleading permits inconsistent defenses. (Code Civ. Proc., § 441.) This long has been the established rule in this state. Under it a defendant may set forth as many defenses as he may have. The fact that such defenses are inconsistent is immaterial. Thus a denial in one defense is not affected or waived by setting up inconsistent affirmative matter in another. (21 Cal.Jur. p. 134, § 90.)

A situation quite comparable to the present controversy, particularly in view of the contentions of the parties, was present in the case of *L. Mini Estate Co.* v. *Walsh,* 4 Cal.2d 249 [48 P.2d 666]. There, as in the present case, the trial court found against the plaintiffs on the question of damage and against the defendant on the issue raised by the affirmative allegations of prescription. On appeal, likewise, on the

judgment roll, it was held that there was no merit to the contentions of the plaintiffs that the findings were uncertain, contradictory or insufficient to support the judgment.

Paraphrasing the language found at page 255 of that opinion we may say that by their complaint the plaintiffs herein tendered only the issue of a negligent maintenance of the ditch and prayed for an injunction and damages. On this issue the defendant joined. Findings on such issues were against the plaintiffs and judgment was entered accordingly. The plaintiffs could not require more. ▪ The fact that the defendant alleged a prescriptive right as a separate defense did not constitute an admission of wrongful seepage. It follows that the finding herein based on the material issue raised by the denial is sufficient to support the judgment.

The other answer is that no cause of action based on absolute liability irrespective of negligence was put in issue by the pleadings or suggested by the findings. ▪ It is apparent from the record that the theory on which the case was tried was that defendant's liability depended upon a showing of negligence, and under general principles the plaintiffs will not be heard to urge a different theory for the first time on appeal. (2 Cal.Jur., p. 239, § 69.) The same rule applies where the appeal is on the judgment roll. (*Peck* v. *Noee,* 154 Cal. 351, 354 [97 P. 865].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 1, 1947. Carter, J., and Schauer, J., voted for a hearing.