[Civ. No. 19576. Second Dist., Div. One. July 30, 1953.]

JOHN G. OPPENHEIMER, Appellant, v. JULIUS
DEUTCHMAN, Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Edward M. Raskin for Respondent.

THE COURT.—Plaintiff appeals from an adverse judgment pursuant to verdict in an action brought by him for alleged assault and battery. The first amended complaint sought to include two other defendants in addition to Julius Deutchman. They were excluded by order of the trial court which was affirmed on a prior appeal of this case (104 Cal.App.2d 165 [230 P.2d 873]) leaving the defendant above named as the only person against whom relief was sought at the trial.

The question for determination by the jury was whether defendant on a date and at a place specified in the amended complaint ''violently assaulted, beat and scratched the plaintiff, causing plaintiff to bleed profusely from cuts in and about the mouth, lips and gums, and the said defendant called plaintiff a vile, abusive and profane name.''

At the trial plaintiff was the only witness who testified concerning the alleged wrongful acts of defendant Julius Deutchman. He stated that at 2 :10 p. m., on November 23, 1949, he went to the office of defendant to serve papers on him, that defendant called him an offensive name, struck him in the face and threw him out. Plaintiff left and went back to his office. His employer sent him to the office of the

city attorney and pursuant to the latter's suggestion, photographs were taken of plaintiff's face. Later that afternoon plaintiff went to the receiving hospital, arriving there at 5:24 p. m. In the meantime he had received no medical attention. At the hospital the record shows: ''Diagnosis: Abrasion, right lower lip. Excoriations, right side neck. Treatment: cleanse.''

The original complaint in this case was filed on December 12, 1949. Plaintiff and defendant both appeared at the office of the city attorney at 11 a. m. the next day, December 13, 1949. At that time plaintiff stated that defendant Julius Deutchman was not the man who had assaulted him. The office record of the city attorney discloses that plaintiff ''claims defendant is not, underlined three times, the person who committed assault and battery upon him.'' The deputy city attorney testified, in response to a question by plaintiff, that at the city attorney's office plaintiff ''immediately stated that this prospective defendant was not the right man, that he was not the man who assaulted you.'' Plaintiff testified at the trial that he told the deputy city attorney, at the latter's office, that defendant Julius Deutchman who was then present in the room, was not the man who had assaulted him.

Defendant, when he was called as a witness, testified that he had been ill and was not at his office at the time the alleged assault was supposed to have occurred. Hospital records confirm his testimony as to serious illness prior to the date in question.

The jury had before it unsupported testimony of plaintiff that defendant had assaulted him. No corroboration of any kind supported his declaration at the trial that defendant had committed the acts of which complaint was made. As against plaintiff's testimony at the trial was evidence, above outlined, that completely impeached and discredited plaintiff. The latter had appeared in the office of the city attorney, a public official charged with enforcement of the law. Plaintiff had instigated the hearing which had required the presence of defendant. At that time plaintiff was in a position of distinct advantage, not only fully protected but afforded an opportunity to accuse defendant of any wrongful conduct against him. Thereupon, plaintiff made the statements above set out, exculpating defendant. After hearing plaintiff's testimony and hearing the evidence which discredited and impeached plaintiff, the jury reasonably concluded that plaintiff was not entitled to money damages from

a defendant who, as far as credible evidence disclosed, had done no wrong to plaintiff.

■ Defendant in his answer, in addition to denying plaintiff's allegation of an assault and battery, set out separate affirmative defenses of self-defense and removal of plaintiff in defense of defendant's property and to preserve the peace. At the time of the trial there was only the one defendant, Julius Deutchman and, as pointed out by plaintiff, defendant's testimony that he was not at the scene when the alleged offense took place would be inconsistent with a pleading that he was defending himself or preserving the peace. It seems not unreasonable that defendant's counsel foresaw that plaintiff might claim that some agent of defendant Julius Deutchman had done the deed although the named defendant was not personally present. This theory of defense finds some justification in plaintiff's own pleadings. In the original complaint it is alleged that another person—one *Victor* Deutchman—and *not Julius* Deutchman—was the one who made the assault, and that Victor and another defendant Jack Morgan "were partners, agents, servants or employees of the defendant Julius Deutchman . . . and were acting in the scope of their employment and under the authority" of Julius Deutchman and that their acts were ratified by the latter. It was not until he filed his first amended complaint that plaintiff charged Julius Deutchman with having committed the assault. Plaintiff's allegations as to the other two defendants Victor Deutchman and Jack Morgan in his amended complaint were legally so unsubstantial that the case as to them was ended by the order which was affirmed on appeal, as above indicated. This inconsistency in the special defenses did not serve to impeach defendant or to strengthen plaintiff's case.

■ Plaintiff cites the case of *Niegel* v. *Georgetown Divide Water Co.,* 78 Cal.App.2d 445 [177 P.2d 641], as supporting his objection to inconsistent defenses. The court in that case, in which a hearing was denied by the Supreme Court, stated: (p. 446) "Our code system of pleading permits inconsistent defenses (Code Civ. Proc., § 441). This long has been the established rule in this state. Under it a defendant may set forth as many defenses as he may have. The fact that such defenses are inconsistent is immaterial."

Similarly, *Jones* v. *Tierney-Sinclair,* 71 Cal.App.2d 366, at page 373 [162 P.2d 669], states: "It is well settled in California that a defendant may plead as many inconsistent

defenses in an answer as she may desire and that such defenses may not be considered as admissions against interest in the action in which the answer was filed. (Citing cases.)''

Plaintiff further complains because he was cross-examined on the inconsistency above noted, between the allegations of his original complaint in which he claimed that Victor Deutchman had assaulted him and the allegation of his amended complaint in which he said that it was Julius Deutchman who had committed the offense. No undue emphasis was placed on this matter and it is doubtful whether it added anything to the effect of the impeachment already discussed.

■ The original complaint was not admissible in evidence as proof of facts stated therein. It was properly offered by defendant and considered for the purpose of impeaching plaintiff's testimony as to the identity of the man who assaulted him, the weight to be given it being a question for the jury. *Gajanich* v. *Gregory,* 116 Cal.App. 622, 629 [3 P.2d 389]; *Schuh* v. *R. H. Heron Co.,* 177 Cal. 13, 17 [169 P. 682]; *Williams* v. *Seiglitz,* 186 Cal. 767, 774 [200 P. 635].

■ As stated by the trial court, ''for the limited purpose of throwing light upon the question of damages from the alleged assault at bar'' defense counsel was permitted to question plaintiff concerning another suit that the latter had brought against the chief of police and others, as defendants, claiming damages for assault and false imprisonment. This earlier assault was alleged to have occurred on a date prior to that on which the events of the case now before us were supposed to have occurred. For the injuries received by plaintiff at that time, including alleged choking by a police officer, damages were sought in the sum of $19,000. In the event, in the instant case, of a determination favorable to plaintiff on the issue of liability, the jury would have been entitled to consider how much, if any, of plaintiff's disability or suffering was due to injuries received at the time of a prior assault and for that reason would not be compensable in an action against this defendant. Certainly no inference adverse to plaintiff would follow disclosure that he had sought by legal means to obtain compensation for wrong which he claimed had been done to him by persons other than defendant, if the jury thought that he had done so in good faith.

The instructions to the jury were correct and comprehensive statements of the law applicable to the facts of the case.

We have examined the entire transcript of the proceedings because plaintiff has appeared in propria persona and his

argument, both written and oral, in large part is confused and disconnected. The trial judge exercised courtesy toward the parties and was careful to limit the matters heard by the jury to those which were legally permissible and were not prejudicial. The case was a difficult one to try but no error occurred which can be said to have adversely affected plaintiff.

Plaintiff's notice of appeal states that he also appeals:

"2. From the order denying plaintiff's motion for new trial, made August 20, 1952, and entered August 22, 1952 in the Minutes of the above entitled Court.

"3. From the order denying motions to vacate and set aside the judgment and/or order denying a new trial, made September 22, 1952 under the provisions of Section 473 of the Code of Civil Procedure, and any unfavorable ruling on the motion to amend or correct the Minute Order of August 22, 1952, to make it conform to the truth, nunc pro tunc." These attempted appeals are dismissed.

Plaintiff in said notice of appeal concluded by stating that he appeals:

"4. From the order refusing to tax costs made August 13, 1952, and the order taxing said costs in the sum of $17.30, made August 22 and entered August 26, 1952." No legally sufficient reason has been given by plaintiff in his brief, oral argument or elsewhere for his claim that the order taxing costs was in any way improper. The motion to tax costs was made within the statutory time, and the items of costs allowed totaling $17.30 were reasonable and proper.

Judgment and order affirmed.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1953.