[Civ. No. 19969. Second Dist., Div. One. June 22, 1954.]

MARY C. TONNESEN, Appellant, v. EDWARD TONNE-SEN et al., Respondents.

Hahn, Ross & Saunders for Appellant.

Jerry Giesler and Robert A. Neeb, Jr., for Respondents.

DORAN, J.—The appellant instituted the present action for divorce against the respondent husband, and also against the husband's parents on the theory that a conspiracy existed in reference to the holding of certain property and alleged concealment and disposal of community property. The trial court found in favor of the appellant wife in reference to the divorce issue, and found "That none of the allegations in paragraph IV of the complaint is true except that the 1950 Buick automobile and certain furniture and furnishings in possession of the defendants as hereinafter set forth are community property." Paragraph IV of the complaint continued the conspiracy allegations hereinbefore referred to in reference to the ownership of an apartment house claimed to be community property.

An interlocutory divorce, granted to the wife, gave to the respondent husband the Buick automobile, and to the wife certain designated items of household furnishings. Cus-

134

tody of the two minor children was awarded to the parties jointly, physical possession of the children being given to the wife subject to the husband's right to have said children on alternate weekends and during one-half of vacation periods. The husband was ordered to pay $120 per month for support of the children, $1.00 per month alimony, and attorney's fees.

Appellant complains "That the plaintiff did not receive a fair and impartial trial, and justice did not prevail." Among other points appellant contends that "There is an incomplete judgment," in that although the action was brought against the husband's father and mother, Victor E. and Ruth K. Tonnesen, no judgment was rendered for or against these parties.

Answering this contention respondents' brief points out that, as hereinbefore mentioned, the trial court found that paragraph IV of the complaint related to these defendants was not true. Moreover, as appears from the clerk's transcript, the interlocutory judgment of divorce from which plaintiff now appeals, was prepared by appellant's attorneys. As respondents state, "It would therefore be a very odd rule that would permit counsel for an appealing party to prepare a judgment and leave out some phase, submit the same to the Court without an approval as to form, and then base an appeal upon the fact that counsel left out a portion thereof."

It is a well established rule that an interpretation upholding the validity of a judgment is favored, and that to clarify any uncertainty, "resort may be had to the findings of fact." (*Goldworthy* v. *Dobbins*, 110 Cal.App.2d 802, 810 [243 P.2d 883].) In the present case, the findings of fact make it clear that plaintiff's allegations concerning a conspiracy involving the husband's father and mother, were not true, and that the only judgment intended was that which was rendered, namely an interlocutory judgment of divorce. Appellant has suffered no prejudice in the instant situation.

The appellant further contends that "The husband disposed of community property in fraud of the wife's rights, and the greater part of said property ended up in the possession of his mother and father." Appellant's brief culls from the record certain items of testimony by the wife and by the husband's mother alleged to support this contention. A review of the entire record, however, discloses substantial evidence in support of the trial court's finding that plaintiff's allegations concerning these matters were not true. The only

community property found to exist was a Buick automobile awarded to the husband, and certain household furnishings given to the wife. Such being the case, the well established rule prevents a further review of the evidence or a retrial of these issues.

Certain pieces of real estate had been purchased with money supplied by the husband and wife, which properties were later sold, the parties receiving back the amount of equities therein. What is referred to as the Berwick property was sold to the husband's parents for $12,000, a part of the consideration being the cancellation of two notes in the amount of $7,500 which had been given to the parents, and a cash payment by the parents of $4,500. Another complaint relates to certain money received as damages in a personal injury action and paid over to the husband's parents. There is substantial evidence, however, indicating that in this transaction, the parents were only being reimbursed for doctor bills and expenses for which money had been furnished. Appellant's contentions that in these and other transactions the trial court should have found that the wife was being defrauded, present no matter requiring or justifying a reversal.

Other contentions made by appellant are likewise without merit. The record does not support the assertion that "The husband obtained the signature of the wife to community real property while she was incompetent." In refusing to allow plaintiff to file an amended complaint, the trial court exercised its discretion, and there is no showing that in so doing, there was any abuse of discretion.

 The same may be said in reference to appellant's contention that "The trial court abused its discretion in awarding the plaintiff wife only a dollar per month alimony." Considering the fact that there was no property other than the husband's earnings, from which the husband was ordered to pay $120 per month for support of the children, plus a fee for the wife's attorney, the trial court by making an alimony award of $1.00 per month, left the matter of alimony open for modification should conditions change. This is not an uncommon practice, and no reversible error is apparent.

Appellant further complains that the wife was not awarded half or more of the community property. It appears that the trial court gave a Buick automobile to the husband, purchased in 1950 for $3,000 but value at time of trial not shown. The wife was awarded the household furnishings, valued

at $640. The husband was further ordered to pay a community medical bill of $1,500. These matters were doubtless taken into consideration by the trial court in dividing the property, and the record presents no reversible error in reference thereto.

There is no merit in appellant's contention that "The Court committed reversible error when it erroneously excluded certain evidence, and . . . refused to allow the plaintiff to make an offer of proof." These alleged errors relate to a refusal to admit evidence concerning injuries received by plaintiff in a automobile accident, total sales price of the Berwick property, cross-examination of the husband in regard to a doctor bill; and as to when the wife had been permitted to see the children, in regard to which latter item an offer of proof was refused.

It appears that the excluded evidence related largely to irrelevant and immaterial matters, and that both parties were accorded a fair and impartial trial with adequate latitude in respect to all relevant evidentiary matters. After hearing the evidence, the trial court found on all material issues, granted an interlocutory divorce to appellant wife, divided the existing community property, made an award for child support, and left the matter of alimony open by granting nominal alimony to the wife. The evidence supports the findings and judgment, and no reversible error was committed.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.