[Civ. No. 19576.   Second Dist., Div. One.   June 20, 1958.]

JOHN G. OPPENHEIMER, Appellant, v. JULIUS DEUTCHMAN, Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Edward M. Raskin for Respondent.

THE COURT.—On July 30, 1953, this court in *Oppenheimer* v. *Deutchman*, 119 Cal.App.2d 450 [259 P.2d 457], affirmed a judgment of the Superior Court of Los Angeles County based upon the verdict of a jury finding that plaintiff, John G. Oppenheimer, was not entitled to damages for an alleged assault. As stated by the court in that opinion, "plaintiff was the only witness who testified concerning the alleged wrongful acts of defendant Julius Deutchman," alleged to have been committed when plaintiff attempted to serve papers on the defendant. Prior to trial both plaintiff and defendant appeared at the city attorney's office, at which time plaintiff stated that Julius Deutchman was not the man who assaulted him. At the trial plaintiff admitted making such a statement. There was also evidence that the defendant was ill and not at his office at the time in question. After hearing plaintiff's uncorroborated testimony and evidence tending to discredit such testimony, the jury concluded that plaintiff was not entitled to damages.

In affirming the judgment, this court said, at pages 454, 455: "We have examined the entire transcript of the proceedings because plaintiff has appeared in propria persona and his argument, both written and oral, in large part is confused and disconnected. The trial judge exercised courtesy toward the parties and was careful to limit the matters heard by the jury to those which were legally permissible and were not prejudicial. The case was a difficult one to try but no error occurred which can be said to have adversely affected plaintiff." (119 Cal.App.2d 450.)

Appellant's present motion to vacate the opinion and judgment herein, filed April 24, 1958, and to recall the remittitur, is made on the grounds of "mistake, improvidence, inadvertence and oversight by the court and by the parties to this action, not the result of legal or judicial error, or error of judgment," and lack of jurisdiction "to review the cause or to hear the appeal, in the first place." More specifically, the movant's complaint is that "there was no appealable or any judgment in the record or entered in the action, which

would give rise to an appeal or invoke the appellate or any jurisdiction of this court; respondent did not call that to the attention of this court at any time, as he might well have done and should have done, unless he was unaware of it, himself.'' Appellant terms the judgment and opinion of this court, reported in 119 Cal.App.2d 450, dated July 30, 1953, as ''abortive, vain, purely academic, futile,'' etc.

The appellant's position, both in respect to substantive and adjective law, is clearly untenable. To give judicial approval to the contentions made herein would amount to an edict that litigation may go on forever, and that a judgment, alike approved by trial and appellate courts, is possessed of no finality. Such is not the law.

Appellant's first and fundamental misapprehension is that the record discloses no valid judgment. ■ As the court said in *Avakian* v. *Dusenberry,* 15 Cal.App.2d 55, at page 56 [58 P.2d 1306]: ''It is well settled that the test of the sufficiency of a judgment rests in its substance rather than in its form.'' This opinion then quotes from Black on Judgments, section 115, which asserts the modern rule to be that ''. . . the form of the judgment is not very material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated.'' ■ Moreover, to uphold a judgment and to clarify any uncertainty, a court may look to other parts of the record, such as the findings. (*Tonneson* v. *Tonneson,* 126 Cal.App.2d 132, 134 [271 P.2d 534].)

■ Testing the present judgment by these principles there can remain no doubt either as to its meaning or respecting its validity. In this case the judgment was based upon, and reflected the substance of, a jury's verdict finding for the defendant and against the plaintiff. Nothing was left for future consideration by the court; costs were awarded the defendant as the successful party, as provided for in section 1032 of the Code of Civil Procedure, and the entire matter was seemingly set at rest. Nothing more was required.

Certainly the appellant was left in no doubt as to the meaning of the judgment. He made various motions seeking a new trial and to vacate the judgment and, as hereinbefore noted, appellant thereafter perfected an appeal from the very judgment which is now assailed as being no judgment. After the reviewing court had ''examined the entire transcript'' (119 Cal.App.2d 450, 454) the judgment was affirmed. The

appellant has had not one but several days in court and the matter must be deemed to have reached a final conclusion. Moreover, the judgment of this court was filed on July 30, 1953, while the notice of the present motion to vacate, etc., was not filed until April 24, 1958,—a long and, so far as appellant has shown, unexplained delay in seeking relief. Even if the motion possessed substantial basis, which it does not, such a delay, unexcused, would constitute laches justifying denial of the relief prayed. (*Thompson* v. *Thompson,* 38 Cal.App.2d 377, 380 [101 P.2d 160].)

The rule relating to the recall of a remittitur is well stated in *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623, at page 626 [241 P.2d 985]: ''Other than for the correction of clerical errors, the recall may be ordered on the ground of fraud, mistake or inadvertence. The recall may not be granted to correct judicial error.'' In the instant case neither fraud, mistake nor inadvertence has been made manifest by the appellant. Nor do any of the cases referred to by appellant furnish authority or precedent for any interference with the judgment in question.

The motion is denied.