[Civ. No. 19035.    First Dist., Div. One.    Oct. 11, 1960.]

JEFFIE MAE BROWN, Appellant, v. ART AFFONSO
et al., Respondents.

236

Smith & Parrish for Appellant.

Sedgwick, Detert, Moran & Arnold, Wallace E. Sedgwick and James L. Gault for Respondents.

BRAY, P. J.—Plaintiff appeals from a judgment after jury verdict in her favor for $2,000 in an action for damages for personal injuries arising out of an automobile collision.*

QUESTIONS PRESENTED

Plaintiff does not question the sufficiency of the evidence to support the verdict, but contends that highly prejudicial

---

*This action was consolidated for trial with another action arising out of the same collision. (See *Blye* v. *Affonso*, 1 Civ. No. 19036, **this** day filed, *post*, 241 [8 Cal.Rptr. 155].)

evidence was erroneously admitted concerning (1) prior litigation; (2) plaintiff's failure to file income tax reports.

1. *Prior Litigation.*

In February, 1957, a truck owned and operated by defendants and an automobile in which plaintiff and her daughter Mrs. Blye were riding as guests collided. Plaintiff claims to have received injuries in such collision. Plaintiff testified to dizzy spells, nausea, pain in the back of her head and neck, and a dead feeling around the scar from a cut on her head. She had been involved in prior accidents, one in 1954, and another in 1956. On direct examination Dr. Bernstein, plaintiff's physician, stated that plaintiff had an accident in 1954, but in relating her injuries therefrom did not mention any head injury. On cross-examination he admitted she had received a head injury in that accident, and then he was referred to a report made by him on September 3, 1954, to plaintiff's attorney in which he stated that she had received an injury to her head and "continued to have dizziness, headache and backache" which he felt was the result of that accident. The report then stated: "The prognosis must be guarded." He was asked to explain what he meant by this statement. No objection was made to any of the foregoing. Then he was asked about a report made to plaintiff's attorney February 18, 1955. Plaintiff objected: "I don't think it's relevant to whom he addressed reports. . . ." The objection was overruled.

It is not clear from plaintiff's brief whether she contends that her objection was to the reference to the report of September 3, to which she had not theretofore objected, or to reference to the report of February 18, 1955. In either event the evidence was admissible. Dr. Bernstein was hazy about plaintiff's injuries resulting from the 1954 accident. As he did not remember them the cross-examiner was entitled to refresh his memory from his own reports. (No contention was then or is now made that the reports were privileged.) The cross-examiner then asked Dr. Bernstein if he remembered the injuries suffered by plaintiff in the 1956 accident. Dr. Bernstein said, "Only vaguely, that she had injuries to her head and neck at that time." Over objection he was then referred to a report made in September, 1956, to plaintiff's attorney and asked concerning the statements contained therein. This ruling was likewise not erroneous, as the cross-examiner was entitled to use the report to refresh the doctor's memory. It was necessary to state the name of the person to whom the

238

report was made in order to identify it. [█] The evidence concerning the prior injuries was relevant as the jury was entitled to consider how much, if any, of plaintiff's claimed disability or suffering was due to injuries received in the prior accidents. (See *Oppenheimer* v. *Deutchman* (1953), 119 Cal. App.2d 450, 454 [259 P.2d 457]; *LeBlanc* v. *Browne* (1947), 78 Cal.App.2d 63, 75 [177 P.2d 347].)

█ Plaintiff's second contention of prejudicial error is based upon the following: Dr. Bernstein was asked on cross-examination if he had testified in a lawsuit resulting from the 1954 accident. Plaintiff objected that the question was irrelevant. The court overruled the objection, stating that it was "probably preliminary." Dr. Bernstein was then asked if he remembered his diagnosis when he testified in "that action up in Martinez." He said he did not. The court denied a motion to strike both questions and answers. The cross-examiner then said, "Well, then, let's move on to the next one. She had another head injury——" Considerable discussion between counsel and the court followed, in which plaintiff again moved to strike the question and answer last above stated. The court then said: ". . . All right, the question whether he testified in the other lawsuit, the question he doesn't remember—no, that may be material, that he doesn't remember. The motion will be denied . . . The fact that he doesn't remember may be material."

█ A wide latitude is permitted in the cross-examination of an expert witness including questions affecting the accuracy and credibility of the witness. (*Daggett* v. *Atchison, T. & S.F. Ry. Co.*, 48 Cal.2d 655, 663-664 [313 P.2d 557, 64 A.L.R.2d 1283].) █ As Dr. Bernstein admitted that he did not remember clearly the physical condition of plaintiff resulting from the former accidents which were similar to the conditions now claimed to result from the accident upon which this case is based,* defendants' counsel had a right to probe concerning statements by the doctor which might refresh his memory. █ It is true that ordinarily evidence of prior litigation is not admissible in an action for injuries in a subsequent accident as it involves the danger of both undue prejudice and time-wasting confusion of issues. (See Witkin, California Evidence, § 165, p. 185; *Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636, 642 [270 P.2d 942].) █ Here, however, defendants were entitled to show that the injuries

---

*As an example, the doctor stated that he ''[o]nly vaguely'' remembered her injuries resulting from the 1956 accident.

which plaintiff claimed to have received in the accident in question in this case were identical with those she claimed to have received in two prior accidents. To do this, defendants were entitled to cross-examine the doctor who had treated her on all three occasions concerning them, and to refresh the doctor's memory by his previous reports to plaintiff's attorney and by his testimony in a prior trial. It is difficult to see how the doctor could have been asked about the subject matter of that testimony without mentioning the trial in which it was given.

The situation was one covered by the following rule: "The rule is well settled that if evidence is admissible for any purpose it must be received, even though it may be highly improper for another purpose. (*Mohn* v. *Tingley,* 191 Cal. 470 [217 P. 733].) In jury trials, however, the other party is entitled to an instruction limiting the purpose for which the evidence may be considered [citations]. But where evidence is admissible for a limited purpose only, it is not the duty of a judge to instruct the jury as to such purpose unless requested to do so [citations]." (*Daggett* v. *Atchison, T. & S.F. Ry. Co., supra,* 48 Cal.2d 655, 665-666.) Plaintiff did not ask the court for such a limited instruction. In *Adkins* v. *Brett* (1920), 184 Cal. 252, 258 [193 P. 251], the court points out that application of the multiple admissibility rule (which is the designation of the rule above quoted from Daggett), is one largely in the discretion of the trial court, which might be justified in excluding the evidence, if the point could just as well be proved by other evidence, or if the evidence is of slight weight or importance upon the point, or where a limiting instruction might not give sufficient protection. In our case, in view of Dr. Bernstein's failure to remember plaintiff's prior similar injuries, none of these exceptions apply. Moreover, a limiting instruction, if asked for, would have given sufficient protection.

2. *Failure to File Income Tax Reports.*

Defendants in cross-examination of plaintiff Brown asked her if she had any records of her income during 1955. She replied, "I might have one or two." He then asked, "Do you file income tax returns?" She answered "No." He then asked if she made a joint return with her husband. She said that she did not, and on being asked if she filed a separate return, answered in the negative. All of this was without objection from plaintiff. After questions along another line

defendants returned to the subject and asked plaintiff if she had filed an income tax return or paid an income tax for 1955 or since. Plaintiff then objected. Her objection being overruled, plaintiff answered that she had neither filed returns nor paid any income tax. The court then admonished the jury, ". . . you are not to attach any significance to whether there may or may not be any criminal violation by not filing them. The only purpose of this is for such weight as you may give it, if you deem it's entitled to weight, that she didn't file. That's the only purpose it's admitted for." This evidence was admissible as some evidence refuting plaintiff's claim to a yearly income of $2,250, as the failure to file a report indicates that her income was not over $600 per year, the law requiring that reports be filed by each person earning over that amount.

Defendants' counsel in his statement to the jury, in referring to plaintiff's failure to file an income tax report, said, "My point is this, ladies and gentlemen: If, let's say, she would fudge for money on taxes, doesn't that somewhat——" Plaintiff interrupted to object. The court overruled the objection. Under the circumstances the failure of the court to sustain the objection was erroneous. However, in view of the entire record we cannot say that the error was prejudicial. Plaintiff received a verdict of $2,000 for her injuries. Nowhere in her briefs, except inferentially, does she state that this amount was inadequate damages for the injuries received. Apparently, although she does not say so, she contends that she would have received higher damages were it not for the above matters. A study of the record shows that it is unreasonable to assume that had it not been for this statement the jury would have rendered a verdict for any larger sum than it did. Particularly is this so in view of the similarity of plaintiff's previous injuries, her own testimony that she had recovered from most of her injuries and was able to work a 12-hour day, the unconvincing character of Dr. Bernstein's testimony, the vagueness of plaintiff's testimony as to her income and any effect thereon of her alleged injuries and any out-of-pocket loss, the testimony of defendants' medical expert that plaintiff's arthritis was not traumatic, and the admonition of the court that plaintiff's failure to file an income tax report should be considered only for the limited purpose of what effect the jury might give it on the question of damages.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.