Opinion
REESE, P. J.
I. Statement of Facts
and
Proceedings Below
Plaintiff, a law firm, filed separate complaints at different intervals against defendants Cohen and Meyers seeking attorney fees allegedly due and owing by defendants. Approximately one year later, the court granted defendants’ motions consolidating the actions, and authorized the filing of a separate cross-complaint, by defendant Meyers against both plaintiff and cross-defendant Orliss, a former law associate of plaintiff. Defendant Meyers sought judgment against plaintiff only for outrageous conduct. The complaint and cross-complaint were duly answered and cross-defendant Orliss also filed a special answer by third party defendant to the complaint.
In substance, the pleadings contained allegations that defendants Meyers and Cohen owed past due legal fees; defendants denied owing the same and alleged that they had paid and were paying such legal fees to cross-defendant Orliss under an agreement between plaintiff, defendant Meyers and cross-defendant Orliss. Defendant Meyers further alleged that plaintiff was liable for actual and punitive damages for outrageous conduct. Cross-defendant Orliss denied any liability to cross-complainants Meyers and Cohen and alleged that, as to the issue of attorney fees, plaintiff was wrong and defendants Meyers and Cohen were right.
The following case chronology is excerpted from the responding brief filed herein by cross-defendant Orliss:
“The case arose from events several years earlier. Meyers was Orliss’ client. When, in June 1976, Orliss associated with Berris, Meyers remained a client and Cohen became a client of both Orliss and Berris. Berris knew that Meyers had a long history of serious emotional illness. Berris and Orliss made arrangements with Meyers to collect and divide fees from a note held by Orliss for Meyers. Meyers arranged to pay Cohen’s fees in the same way. . . .
*Supp. 58 “In November 1978, Orliss and Berris terminated their association. Orliss, Berris and Meyers agreed that Orliss would collect the fees from Meyers. Meyers did pay the fees and Orliss so informed Berris. Disputes arose between Berris and Orliss concerning Berris’ performance under the termination agreement and Orliss stopped forwarding funds to Berris, pending a resolution of the disputes. Berris did not sue Orliss; it sued Meyers and Cohen. . . .
“On March 8, 1982, J. Steven Kennedy, an associate of Berris, stipulated in open court to a trial date of September 30, 1982. ... On April 5, 1982, Berris served notice that trial was set for September 30, 1982, 8:45 a.m., Division 1, Los Angeles Municipal Court. ...
“A ‘Notice of Continuance of Trial and Confirmation of Notice to Appear and Produce Documents for Continued Trial’, for the September 30, 1982 trial date, was served April 21, 1982 by Meyers and Cohen, upon Berris.
“On September 30, 1982, Berris did not appear for trial. Orliss, Meyers and Cohen appeared. After inquiry by, and proof to, the Court that Berris had notice, trial proceeded. Berris’ Complaint was dismissed. Among other things, Meyers was awarded $9,000 against Berris on her Cross-Complaint. . . . Judgment was entered October 8, 1982. . . .
“A ‘clerk’s notice of entry of judgment’ dated October 8, 1982, was filed October 8, 1982; it refers to the ‘attached judgment’ .... The clerk’s certificate of service shows that a copy was mailed on October 8, 1982, postage prepaid, addressed to ‘J. Steven Kennedy, STE. 1801, 1801 Century Park East, Los Angeles, CA 90067’ .... Mr. Kennedy was the attorney at Berris responsible for Appellant’s case. . . .
“On October 18, 1982, a Memorandum of Costs was served by Meyers on Berris, Suite 1801, 1801 Century Park East, Los Angeles, California 90067 . . .
“On October 21, 1982, an ‘Amended Memorandum of Costs’ was served by Orliss upon ‘J. Steven Kennedy, Esq., Berris, Seton & Bishton, 1801 Century Park East, Suite 1801, Los Angeles, California 90067’. . . .
“The Declaration of Norman Berris, dated May 20, 1983, shows that he probably reviewed both memoranda of costs. They are in Berris’ file. . . .
“On May 23, 1983, about seven months after the entry of judgment, Appellant Berris served the Motion to Vacate. After written opposition by *Supp. 59 respondents, and a hearing, the Trial Court, on June 13, 1983, denied the Motion. ...”
II. Issues
Plaintiff contends that the trial court erred in the following respects:
1. That the court failed to comply with California Code of Civil Procedure, section 594 and therefore the judgment is void;
2. The plaintiff was not served with a copy of the proposed judgment, and therefore the judgment should be reversed; and
3. The trial court abused its discretion by denying plaintiff’s motion to vacate in that the judgment was taken as a result of an excusable mistake of fact.
III. Discussion
A. Compliance with Code of Civil Procedure, Section 594
Plaintiff argues that the trial court was without jurisdiction to proceed in the absence of plaintiff unless proof was presented to the trial court that notice of trial had been given in compliance with section 594, Code of Civil Procedure. We concur with plaintiff’s position that the case at bench is governed by section 594, provided plaintiff committed no act that effectively removed it from the protective provision of that statute. The pertinent segment of Code of Civil Procedure, section 594 reads as follows: “(a) In superior, municipal, and justice courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days’ notice of such trial or five days’ notice of such trial in an unlawful detainer action as specified in subdivision (b). If the adverse party has served notice of trial upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had such notice. ” (Italics added.)
Under the facts of the case before us, we hold that plaintiff is an adverse party under Code of Civil Procedure section 594, subdivision (a) who, having served notice of trial upon the other parties, is an adverse party deemed to have received the notice required by statute. “If the adverse party has *Supp. 60 served notice of trial upon the party seeking the dismissal, verdict or judgment at least five days prior to the trial, the adverse party shall be deemed to have had such notice. ” (Code Civ. Proc., § 594, subd. (a), italics added; 4 Witkin, Cal.Procedure (2d ed. 1971) Trial, § 51, p. 2890.)
Page two of the judgment entered by the trial court herein recites as follows:
“This cause was before the Court, on September 30, 1982, in Division 1, at 8:45 A.M., upon a Stipulation for Continuance of Trial date from prior trial date of March 8, 1982, plus Order of the Court fixing the present continued trial date, plus Notice of Continuance of Trial dated April 21, 1982, by the defendants and cross-complainants, duly served by mail upon the plaintiffs and cross-defendants, Berris, Seton & Bishton, and cross-defendant Ted Orliss, plus Notice of Trial Date, dated April 9, 1982, duly served upon defendants and cross-complainants, and upon the cross-defendant Ted Orliss, by the plaintiffs, Berris, Seton & Bishton. [f] The plaintiffs failed to appear, notwithstanding the cause remained before the Court in Division 1 until approximately 11:45 A.M., of the same date. [1] The other parties appeared, ...” (Italics added.)
We find the judgment sufficiently delineates the trial court’s implied finding that plaintiff had entered into a valid stipulation as to the trial date, and that plaintiff had itself forwarded notice of trial to the defendants. “This essential is furnished us by the record of the judgment itself, and on the face of the record it must be held that the judgment is not vulnerable to attack on appeal.” {Starkweather v. Minarets Min. Co. (1935) 5 Cal.App.2d 501, 503 [43 P.2d 321].) “A judgment will be construed to uphold it if this is possible.” (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 41, p. 3209.) It is well settled that the test of the sufficiency of a judgment rests in its substance rather than in its form. {Hentig v. Johnson (1908) 8 Cal.App.221, 225 [96 P. 390]; Avakian v. Dusenberry (1936) 15 Cal.App.2d 55, 57 [58 P.2d 1306].) The act of plaintiff in sending notice to the defendants was sufficient to waive or excuse the mandatory notice requirements of section 594, subdivision (a), Code of Civil Procedure. (4 Witkin Cal. Procedure, supra, Trial, § 51, p. 2890.)
Prior to 1969, Code of Civil Procedure section 594, subdivision (a) appeared to require notice given by the party who wished to proceed to trial. He could not rely on his opponent’s notice if the opponent thereafter failed to appear; to be fully protected the proceeding party had to serve his own notice. The 1969 amendment to Code of Civil Procedure section 594, subdivision (a) eliminated this duplication. (4 Witkin, Cal. Procedure, supra, § 51, p. 2891.) We have been unable in our research to discover an appel *Supp. 61 late case in point with the one at bench where a notice of trial had been sent by the adverse party—the plaintiff herein.
In Irvine National Bank v. Han (1982) 130 Cal.App.3d 693 [181 Cal.Rptr. 864], one of the leading cases dealing with Code of Civil Procedure section 594 notice requirements, the record does not reveal a notice having been given by the adverse party. The case is further distinguishable in that “[T]he judgment is silent as to whether the issue of notice of trial had been considered by the court.” (Irvine, supra, at p. 696.) The Irvine court proceeds to state at page 698 of its opinion: “There was no testimony that the required notice was given, nor is there any suggestion in the judgment that the court even considered the matter. ” (Italics added.) Contrastingly the judgment before us is clear in its recitation of notices being forwarded by all parties and its consideration of a stipulation entered into by the parties pertaining to the trial date.
In Wilson v. Goldman (1969) 274 Cal.App.2d 573 [79 Cal.Rptr. 309], the principal issue before the court was the validity of a judgment issued on default after a valid answer had been filed by the defendant. The court found the record to have shown on its face that the defendant’s default had been improperly entered and that the resulting later trial was held improperly as defendant, by reason of the invalid entry of default, received no notice of trial. The trial court’s vacation of the default and the default judgment was affirmed. In our case, no default against plaintiff was improperly entered as in Wilson, supra. Nor do we find any indication therein that the adverse party forwarded a notice as in the instant case.
Perini v. Perini (1964) 225 Cal.App.2d 399 [37 Cal.Rptr. 354], a divorce action, involved a factual situation where the court proceeded to trial on the husband’s cross-complaint without notice having been given to the wife who had defaulted in answering the cross-complaint. The court declared the resulting judgment void under Code of Civil Procedure section 594. This case did not involve the issue of the adverse party sending notice, and, assuming it did, there would have been little or no guidance for us in solving our present problem as the Perini case was decided before the 1969 amendment to Code of Civil Procedure section 594, subdivision (a) specifying waiver by the adverse party when he sends notice.
For the foregoing reasons, we find the authorities cited by plaintiff to be nonpersuasive in our consideration of the notice requirements of the statute involved herein.

B. Service of Judgment

Plaintiff next contends the failure of defendants and cross-complainants to serve the proposed judgment upon plaintiff violated California Rules of Court, rule 520, and is grounds for reversal. We disagree.
*Supp. 62 California Rules of Court, rule 520, as in effect on September 30, 1982, provided as follows:
“When a written order, judgment or decree is required and no statement of decision has been requested, counsel for the prevailing party shall, unless otherwise ordered, prepare, serve, and submit the form thereof within five days after announcement of decision.” (Italics added.)
Counsel for defendants prepared a proposed judgment herein in accordance with orders from the trial judge and served a copy thereof upon counsel for cross-defendant Orliss. No proposed judgment was served upon plaintiff or counsel for plaintiff. The record reflects that plaintiff’s action had been dismissed with prejudice for failure to appear at the trial prior to the court ordering counsel to prepare and serve the proposed judgment. We do not interpret rule 520 to require service on a nonappearing party after that party’s action has been dismissed with prejudice as here.
“While a Rule of Court phrased in mandatory language is generally as binding on the courts and parties as a procedural statute, it is seldom jurisdictional and ordinarily departure from it is not reversible error unless prejudice is shown.” (Estate of Cooper (1970) 11 Cal.App.3d 1114, 1121 [90 Cal.Rptr. 283].) In the instant case, plaintiff has not shown prejudice. We are not persuaded by plaintiff’s argument that had it been served with a copy of the proposed judgment, it would have been able in a timely manner to reopen the case under Code of Civil Procedure section 473. The record before us reflects that on October 8, 1982, the clerk’s notice of entry of judgment, with judgment attached, was served on counsel for plaintiff at plaintiff’s address. The presumption is that mail is normally delivered. (Evid. Code, § 641.) Further, the record “discloses” that a memorandum of costs was served on October 18, 1982, by defendant Meyers on plaintiff at their office address and on October 21, 1982, an “Amended Memorandum of Costs” was served by cross-defendant Orliss on plaintiff’s counsel at their office address. The declaration of plaintiff’s counsel filed in the action admits receipt of the two memoranda of costs. In spite of such notification, plaintiff took no timely action to protect its position.

C. Denial of Motion to Vacate

Plaintiff contends that the trial court erroneously denied plaintiff’s motion to vacate the judgment. Plaintiff submits that the judgment was taken as a result of excusable mistake of fact; that “in the confusion following Mr. Kennedy’s [a former associate of plaintiff who was assigned to the case herein] departure from the firm, the firm inadvertently failed to reassign responsibility for the case to another attorney, and the previously calendared *Supp. 63 trial date of September 30, 1982 was ‘lost’ from the firm’s calendar system.”
This lawsuit involves a dispute over attorney fees—between a law firm, one of whose members had departed and taken with him a client whom he had brought to the firm—in which the law firm claims unpaid fees due it from the client. The motion below was decided by the trial court after weighing the evidentiary facts presented in their declarations and moving documents. As an appellate tribunal we cannot and should not substitute our judgment for the judgment of the trial judge. “To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice. ...” {Brown v. New-by (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 242, p. 4234.) Plaintiff has failed to make such a showing.
The order denying plaintiff’s motion to vacate judgment is affirmed. Respondents to recover costs on appeal.
Bernstein, J., and Shabo, J., concurred.