Filed 7/18/22  Howard v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALICE HOWARD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Respondent. | D078835<br><br><br>(Super. Ct. Nos. 37-2018-00037598-CU-PT-CTL & 37-2018-00058573-CU-PT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Alice Howard, in pro. per., for Plaintiff and Appellant.

Mara W. Elliott, City Attorney, George F. Schaefer, Assistant City Attorney, and Tyler L. Krentz, Deputy City Attorney, for Defendant and Respondent.

Alice Howard appeals the judgment granting the petition of the City of San Diego (the City) for release of rental payments that were deposited into court during the pendency of her appeal of the judgment in the City's unlawful detainer action against her.  Howard alleges judicial bias, violation

of an automatic bankruptcy stay, and fraudulent alteration of the trial court record, but she presents no factually and legally persuasive argument that would warrant reversal of the judgment. We therefore affirm.

## I.

## BACKGROUND

On June 1, 2011, the City obtained a judgment for possession and damages in an unlawful detainer action against Howard concerning her lease of a space at the former De Anza Cove Mobilehome Park. Howard appealed the judgment. The appellate division of the superior court stayed execution of the judgment and as a condition ordered Howard to deposit rent and utilities charges into court while the appeal was pending. The appellate division affirmed the judgment on January 30, 2014. After the remittitur issued, the trial court added attorney fees and costs to the judgment.

Howard received notice in 2018 that a portion of the funds deposited into court during the pendency of her appeal of the unlawful detainer judgment had escheated to the state, and in response she commenced a new case by filing a petition for release to her of the "several thousand dollars" she had deposited. About four months later, the City commenced another new case by filing a petition for release to it of the deposited funds. The trial court consolidated the cases. At a hearing on April 25, 2019, at which Howard did not appear, the court (Hon. David M. Rubin) denied Howard's petition and granted the City's. It appears the court was unaware that about two hours before the hearing Howard had filed for bankruptcy. She appealed the ensuing judgment granting the City's petition, which this court summarily reversed because it was entered in violation of the automatic stay triggered by Howard's bankruptcy filing.

2

While Howard's appeal of the order granting the City's petition for release of the deposited funds was pending, the case was reassigned for all purposes to a new judge (Hon. Timothy B. Taylor). At a case management conference on October 2, 2020, the trial court scheduled a hearing on the parties' competing petitions for release of the deposited funds for December 4, 2020. In the meantime, Howard filed a peremptory challenge to disqualify Judge Taylor, which was denied as untimely, and two bankruptcy petitions, which were dismissed as having been filed in bad faith to delay the state court proceedings. In the second bankruptcy case, which was filed three hours before the December 4, 2020 hearing in the trial court, the bankruptcy court vacated the automatic stay retroactively to November 19, 2020, and prohibited Howard from again filing for bankruptcy for 180 days. At the December 4, 2020 hearing, the trial court denied Howard's petition and granted the City's. A corresponding judgment was filed on January 26, 2021.

## II.

## DISCUSSION

Howard contends the judgment "must be summarily reversed and the case reassigned to a new judge." Although her opening brief does not clearly set out discrete claims of error as it should (Cal. Rules of Court, rule 8.204(a)(1)(B); *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294), scattered throughout the brief we discern three grounds on which Howard apparently seeks reversal: (1) Judge Taylor was biased against her; (2) he violated the automatic bankruptcy stay by granting the City's petition for release of the deposited funds; and (3) the trial court record was fraudulently altered. None of these grounds, however, is supported by the facts or the law or warrants reversal of the judgment.

3

A.    *Standard of Review*

The parties disagree on the applicable standard of review. "Howard does not believe that the Court of Appeal can apply any Standard of Review in this case, and that the case must be sent back to Superior Court with a new judge." The City suggests we apply either an abuse of discretion standard or a mixed standard of substantial evidence for factual issues and de novo for legal issues. Neither party is correct. The applicable standard of review depends on the claim of error. We review Howard's claims of judicial bias and violation of the automatic bankruptcy stay de novo. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589 (*Schmidt*); *Shaoxing County Huayue Import & Export v. Bhaumik* (2011) 191 Cal.App.4th 1189, 1196.) Her claim of fraudulent alteration of the trial court record appears to be based on judicial misconduct that allegedly deprived her of her due process right to a fair hearing and thus presents a mixed question of fact and law affecting constitutional rights, which we also review de novo. (*People v. Cromer* (2001) 24 Cal.4th 889, 901; *Vergara v. State of California* (2016) 246 Cal.App.4th 619, 642.)

B.    *Judicial Bias*

Howard has not shown judicial bias warranting reversal of the judgment. A party who believes the trial judge is biased against her must seek disqualification by filing a peremptory challenge (Code Civ. Proc., § 170.6, subd. (a)(2)) or a challenge for cause (*id.*, §§ 170.1, subd. (a)(6)(A)(iii), 170.3, subd. (c)(1)); and if the challenge is denied, the party must seek writ review, the only form of appellate review authorized for a disqualification ruling (*id.*, § 170.3, subd. (d); *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1064). Howard filed a peremptory challenge to Judge Taylor but did not seek writ review of the order denying it as untimely. Nor did she challenge him

for cause. Where, as here, a party has not exhausted the statutory remedies for disqualification, a judgment may be reversed on appeal for judicial bias only if the appellant shows a probability of actual bias so great that it constitutes a deprivation of due process. (*People v. Freeman* (2010) 47 Cal.4th 993, 1006; *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 673.) Howard has not shown the "extreme facts" necessary to establish a due process violation. (*Freeman*, at p. 1006.)

Howard alleges Judge Taylor was biased against her because he "became angry," made "snarky remarks," and "yelled" at her during the case management conference at which he set her case for hearing earlier than he set other cases, and because in the order granting the City's petition for release of the deposited funds he criticized her for "us[ing] her brief as an opportunity to attempt to re-litigate the entire De Anza Cove debacle."[1] Since Howard provided no record citations to support her allegations about the case management conference, which was not reported, we disregard the allegations. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [failure to provide adequate record on issue requires resolution of issue against appellant]; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 [factual contentions outside record may be disregarded].) Judge Taylor's express disapproval of Howard's litigation tactics, made in his capacity as the trial judge and based on his involvement in the case, does not establish a probability of actual bias amounting to a due process violation and requiring

---

[1] Howard has taken a similar opportunity here. Her opening brief includes what appear to be portions of briefs she filed in the prior appeal in this case and in another appeal concerning the City's efforts to evict her from the former De Anza Cove Mobilehome Park. Howard's reply brief describes wrongs allegedly committed against her in earlier stages of the litigation. We will not reconsider claims from appeals we have previously resolved.

reversal of the judgment. (*Schmidt, supra*, 44 Cal.App.5th at p. 589 [judge's expressions of opinion based on observations in case do not show bias]; *Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1219-1220 [judge's statements in making ruling based on evaluation of evidence and arguments do not establish bias].)

C.    *Violation of Bankruptcy Stay*

Howard has shown no violation of the automatic bankruptcy stay that requires reversal of the judgment. Her filing of a bankruptcy petition hours before the December 4, 2020 hearing in the trial court triggered a stay of the proceedings on the City's petition against Howard. (11 U.S.C. § 362(a); *Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1353.) A bankruptcy court may grant retroactive relief from such a stay, however, when the debtor filed the petition in bad faith. (11 U.S.C. §§ 105(a), 362(d); *In re Kissinger* (9th Cir. 1995) 72 F.3d 107, 108-109; *In re Cinole* (Bankr. W.D.N.Y. 2006) 339 B.R. 40, 46-47.) The bankruptcy court did just that—it dismissed Howard's case and vacated the automatic stay retroactively to November 19, 2020 (the date her immediately prior bankruptcy case had been dismissed), because she filed the case in bad faith to delay the state court proceedings. Howard questions the propriety of the bankruptcy court's action, based on her suspicion the court vacated the stay retroactively at the request of Judge Taylor's wife, who is a bankruptcy judge, to protect Judge Taylor from the consequences of violating the stay. Howard needed to make any challenge to the bankruptcy court's order in the federal courts, not in this court, because the federal courts have exclusive jurisdiction in bankruptcy. (28 U.S.C. § 1334(a); *In re Marriage of Sprague & Spiegel-Sprague* (2003) 105 Cal.App.4th 215, 219; see *Gates v. Municipal Court* (1992) 9 Cal.App.4th 45, 53 [state court has no power to review federal court order].) Thus, in light of

6

the order retroactively vacating the bankruptcy stay that had issued automatically on December 4, 2020, Judge Taylor's order of that date granting the City's petition for release of the deposited funds and the corresponding judgment that followed did not violate the stay.

D.    *Alteration of Record*

Howard has shown no fraudulent alteration of the trial court record that warrants reversal of the judgment. She alleges Judge Taylor is "withholding documents that show the City . . . Committed Mail Fraud, and Perjury." The documents allegedly being withheld include a proposed order Howard presented to the court at a case management conference, which the minutes of the conference state the court denied, and a declaration from her son, which a notice to filing party states the court rejected as an improper ex parte communication. Howard has neither provided us with copies of these documents, nor described their content, nor explained how their omission from the record has prejudiced her. Her claim the documents have been wrongfully withheld, made without any factual or legal support, is insufficient to support reversal of the judgment. (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 & fn. 2.)

Howard also alleges "a massive fraud was committed" on April 25, 2019, when an unidentified person at the trial court withheld the notice of automatic stay that Howard's process server had "personally dropped . . . in Judge Rubin's personal box" at the courthouse. This alleged fraud concerned the prior judgment, which this court summarily reversed for violation of the automatic bankruptcy stay, and has nothing to do with the judgment currently on appeal. We therefore need not, and do not, further address it. (See *Regents of University of California v. Public Employment Relations Bd.*

7

(1990) 220 Cal.App.3d 346, 356-357 [reversed judgment has no effect and is superseded by subsequent judgment].)

Howard further alleges the judgment is "intentionally incorrect" because its caption lists the wrong hearing date (Apr. 25, 2019 instead of Dec. 4, 2020) and the wrong judicial officer (Judge Rubin instead of Judge Taylor). She suggests such errors invalidate the judgment because there was a bankruptcy stay in effect on April 25, 2019. We disagree. The sufficiency of a judgment depends on its substance rather than on its form. (*Oppenheimer v. Deutchman* (1958) 161 Cal.App.2d 501, 503.) The text of the January 26, 2021 judgment awards final relief on the parties' competing petitions for release of the deposited funds and correctly identifies the hearing date as December 4, 2020, and the judicial officer as Judge Taylor, who signed the judgment. On neither of those dates was there a bankruptcy stay in effect that would have prevented the trial court from entering the corresponding order or judgment. As the City acknowledges, the references in the caption of the judgment to the prior hearing date and judicial officer are clerical errors that occurred when the City's attorneys copied the caption from the prior judgment without changing it to identify the current hearing date and judicial officer. Since the erroneous references are of no force and effect, their inclusion did not prejudice Howard's substantial rights and does not require reversal of the judgment. (*Hentig v. Johnson* (1908) 8 Cal.App. 221, 225.)

E.     *Conclusion*

As discussed above, Howard has not met her burden affirmatively to establish error in the trial court's judgment, which we presume is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) Although we have no obligation to make an unassisted study of the record in search of error or to

8

make arguments for reversal for Howard (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546), we have reviewed the record and determined the judgment is correct. As a condition for the stay of execution of the City's unlawful detainer judgment against Howard while her appeal of that judgment was pending, she was statutorily required to pay "the reasonable monthly rental value to the court monthly in advance as rent would otherwise become due." (Code Civ. Proc., § 1176, subd. (a).) Once the judgment was affirmed on appeal and became final, the City was entitled to the rental payments for the space Howard had continued to occupy while her appeal was pending. (*Watkins v. McCartney* (1924) 70 Cal.App. 137, 140 [rent remains due and payable notwithstanding stay of execution of unlawful detainer judgment]; *Ramish v. Workman* (1917) 33 Cal.App. 19, 21 [tenant's continued occupancy of premises during pendency of appeal of unlawful detainer judgment requires payment of rent for continued occupancy period].) The trial court thus correctly ordered release of the deposited funds to the City. Although Howard would like to continue to fight with the City for evicting her from her mobile home, " '[a]t some point litigation must come to an end. That point has now been reached.' " (*Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 738.)

## III.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.