[Civ. No. 25686. Fourth Dist., Div. Two. Apr. 14, 1982.]

IRVINE NATIONAL BANK, Plaintiff and Respondent, v.
KWANG-WEI HAN, Defendant and Appellant.

COUNSEL

Patrick C. Carroll and Dennis P. Orphan for Defendant and Appellant.

Roger A. Saevig and Thomas J. Prenovost, Jr., for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Defendant appeals from a judgment following an uncontested trial in which the court ordered defendant to pay plaintiff the amounts due on two promissory notes plus interest, costs, and attorney's fees. Defendant argues that he did not have actual notice of the trial and that the judgment should be reversed to allow him to be heard on the merits. Defendant also argues that certain evidence was improperly admitted. ■ Because there was no competent evidence actually introduced before the court that notice of trial had been served on defendant, as required by section 594 of the Code of Civil Procedure, we will reverse the judgment.

\*Before Morris, Acting P. J., Kaufman, J., and McDaniel, J.

FACTS

It appears[1] that plaintiff bank sued defendant individually and dba Kwang-Wei Han Company on two promissory notes. The record contains a notice of mandatory settlement conference and a notice of trial. Attached to each is proof of service pursuant to Code of Civil Procedure section 1013a.[2] The notice of mandatory settlement conference was signed by plaintiff's attorney and recites that the conference was set for December 8, 1980. The attached proof of service was signed by one Jean C. Hofve, and recites that the attached notice was mailed to defendant on July 30, 1980. The notice of settlement conference bears a filing stamp dated July 31, 1980.

The notice of trial was likewise signed by plaintiff's attorney, and states that trial was set for February 9, 1981. The attached proof of service, also signed by Hofve, states that the notice of trial was mailed December 9, 1980, and bears a filing stamp dated December 11, 1980.

A trial was held on the scheduled date. However, defendant did not appear. Despite the fact that defendant did not appear for trial, the notice of trial was not placed in evidence, nor was the trial court asked to take judicial notice of the file containing the notice of trial. With only a passing reference to the fact that defendant was not present,[3] plaintiff called its only witness, Thomas Gotor III, vice-president of Heritage Bank. Gotor testified that: Heritage Bank was plaintiff bank's successor in interest; particular documents entered into evidence (but not in the record on appeal) were true copies of promissory notes executed by defendant, and that Gotor was unable to locate the original notes; and that $14,743.45 in principal and $5,902.26 in interest was owing on the notes.

In its judgment the court ordered defendant to pay the amounts due on the two promissory notes and awarded costs and attorney's fees. The court also ordered defendant to pay $250 in sanctions for failing to ap-

---

[1] Neither the complaint nor the answer is in the record on appeal.

[2] All statutory references are to the Code of Civil Procedure unless noted otherwise.

[3] The following colloquy took place at the beginning of trial: "MR. PRENOVOST [plaintiff's attorney]: By way of explanation, your Honor, Mr. Han had arranged, and I expected him to show in Department 1 this morning, so I did not prepare a Default Judgment since I didn't think it would go by default.
"THE COURT: All right. You may proceed."

pear at the mandatory settlement conference.[4] The judgment is silent as to whether the issue of notice of trial had been considered by the court.

In appealing from the judgment, defendant argues that: (1) the judgment should be reversed in order to give defendant an opportunity to present his case; and (2) the notes were improperly admitted into evidence. In his reply brief, defendant for the first time asserts the defense that he had negotiated a novation of the notes. Included in the *reply brief* is defendant's declaration in which he states that: he did not receive notice of settlement conference or of trial, and that he received notice of the judgment only after receiving a copy of the abstract of judgment at defendant's sister's residence;[5] that defendant contacted an attorney for the first time when he received a copy of the abstract of judgment; and that the manager of Heritage Bank promised defendant "that the bank would continue to support my business and that my loan would be renewed with the payment by me of the going interest rate on the new loan."

### DISCUSSION

Defendant first argues that he did not have actual knowledge of the time and place of trial, and that the judgment should be reversed to afford him a chance to present his case. The only authority defendant cites in support of this contention is *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380 [38 Cal.Rptr. 693] (holding dismissal for lack of prosecution an abuse of discretion). Except for the *Daley* court's statement that there is a policy in favor of disposing of litigation on the merits rather than on procedural grounds (227 Cal.App.2d at pp. 389-390), this case is irrelevant to the issue presented by the record.

Plaintiff responds by pointing out that defendant's allegation that he did not have actual knowledge of the time and place of trial is unverified and self-serving. Plaintiff also suggests that it is unlikely, if defendant received the abstract of judgment, that he did not receive notice of trial or notice of settlement conference.

---

[4]The court had earlier imposed such sanction for failure to appear at the conference. At trial plaintiff's attorney represented to the court that the sanctions had not yet been paid.

[5]The *notices of settlement conference and trial* were mailed to defendant at P.O. Box 10701, Santa Ana, California. The abstract of judgment was mailed to defendant at 1304 East Chapman, Orange, California.

We observe at the outset, although the arguments of counsel regarding whether defendant did or did not receive actual notice of trial might be relevant in a hearing on a motion under section 473, that such arguments are not pertinent to this appeal. In our view, the sole question to be resolved on appeal is whether the statutory requirements regarding proof of notice of trial were met. Both parties failed to address this issue in their briefs. However, oral argument on this issue was invited by letter to both sides well in advance of such argument.

We are satisfied that the present case is governed by section 594. Subdivision (a) of section 594 provides that a party may bring an issue to trial in the absence of the adverse party. "[H]owever, if the issue to be tried is an issue of fact, *proof shall first be made* to the satisfaction of the court that the adverse party has had 15 days' notice of such trial...." (§ 594, subd. (a), italics added.) Here there was no proof presented to the trial court that notice of trial had been given, nor was any mention of the subject made at trial. It is essential to the *jurisdiction* of the trial court in proceeding in the absence of defendant that proof must first be made that defendant had been given statutory notice. (*Starkweather* v. *Minarets Min. Co.* (1935) 5 Cal.App.2d 501, 503 [43 P.2d 321]; *Stubblefield* v. *Long* (1932) 125 Cal.App. 329 [13 P.2d 862].) A judgment entered after a trial held without the notice prescribed by section 594 is not merely error, but is an act *in excess of the court's jurisdiction.* (*Wilson* v. *Goldman* (1969) 274 Cal.App.2d 573, 577 [79 Cal.Rptr. 309].)

Before 1975, section 594 did not describe what kind of proof was required to show that notice had been given. However, in that year subdivision (b) was added. Subdivision (b) provides in pertinent part that "[i]f notice is served by a party, proof may be made by *introduction into evidence* of an affidavit or certificate pursuant to subdivisions (1) or (2) of Section 1013a *or other competent evidence."* (Italics added.) Although *Wilson* was decided before the amendment to section 594 just noted, the rule therefrom cited remains controlling, i.e., a judgment entered where there has been insufficient proof of notice of trial is *void* for want of jurisdiction. This follows, for the amendment only redefined the nature of proof required for a notice of trial.

There was absolutely no competent evidence "introduced into evidence" at the trial to show that defendant had been served with notice of trial. Although the notice of trial and the attached proof of service

were apparently in the superior court file at the time of the trial,[6] *those documents were not introduced into evidence* as required by section 594, subdivision (b) which also provides that "the provisions of this subdivision are exclusive." There was no testimony that the required notice was given, nor is there any suggestion in the judgment that the court even considered the matter. In the absence of any actual evidence in the record made before the trial court that notice was given, the court was without jurisdiction to proceed in defendant's absence.

In light of our determination that the court was *without jurisdiction*, we need not consider defendant's argument that the notes were improperly admitted into evidence.

### DISPOSITION

Because there was no competent evidence introduced at the trial to show that the notice of trial required by statute was given to defendant, the trial court was without jurisdiction to proceed in defendant's absence. The judgment is therefore reversed.

A petition for a rehearing was denied April 30, 1982.

---

[6]Plaintiff cites *California Water Service Co.* v. *Edward Sidebotham & Son* (1964) 224 Cal.App.2d 715 [37 Cal.Rptr. 1], apparently for the proposition that when an affidavit of service is called to the attention of the court and the court orders that the affidavit be filed the proof of service of notice requirement has been satisfied. This case is not dispositive for two reasons. First, the affidavit pursuant to section 1013a was never called to the court's attention in the present case. Second, the *California Water Service Co.* case was decided in 1964, 11 years before subdivision (b) was added to section 594.