*Supp. 35 Opinion
REESE, J.
Defendant Hyrosen Properties, Inc., appeals from the order denying its motion to set aside the default and the judgment by default. The record on appeal is a clerk’s transcript. On October 19, 1984, plaintiff Evelyn Isherwood filed a complaint against defendant. On March 4, 1985, defendant answered the complaint. On January 8, 1986, notice of trial, for January 30, 1986, was mailed by the court clerk to defendant’s attorneys. Defendant did not appear at the trial and $17,500 was awarded to plaintiff after testimony was taken and exhibits were admitted into evidence. On March 13, 1986, defendant moved to set aside the judgment alleging it did not receive actual notice of the trial date. The motion for relief from default was denied.
A motion to vacate a default and set aside the default judgment is addressed to the sound discretion of the trial court, and will not be set aside in the absence of a clear showing of abuse of that discretion. (Lint v. Chisholm (1981) 121 Cal.App.3d 615, 619 [177 Cal.Rptr. 314].) All presumptions are made in favor of the trial court’s order and the appellant’s burden is to show abuse of discretion. (Id., at p. 620.) We reject defendant’s argument that the order denying defendant relief from default should be reversed because the court clerk did not comply with Code of Civil Procedure section 1013[1] in giving defendant notice of the trial date.
Code of Civil Procedure section 594,[2] subdivision (a) allows a trial court to proceed to try an issue of fact in the absence of an adverse party provided *Supp. 36 the court has proof the adverse party had 15 days notice of the trial. This proof must be provided to_ the court. Otherwise, if the court proceeds without such proof, it acts in excess of its jurisdiction. (Irvine National Bank v. Han (1982) 130 Cal.App.3d 693, 697 [181 Cal.Rptr. 864].) In the instant case, the court had proof that notice of trial had been sent to defendant by the court clerk 22 days prior to trial. Thus, jurisdiction was established.
On appeal defendant attempts to convince this court that subdivision (b) of Code of Civil Procedure section 594 sets forth the jurisdictional requirements for a court to proceed in the absence of an adverse party. We disagree. Subdivision (b) requires the court clerk to give the adverse party notice by mail of the trial date “not less than 20 days prior to the date set for trial.” Under Irvine, supra, 130 Cal.App.3d 693, we construe subdivision (a) as the subdivision in section 594 which sets forth the jurisdictional requirements. To construe subdivision (b) as setting forth the jurisdictional requirements would, in effect, require a rewriting of subdivision (a) to require a court to have proof of a 20-day notice by the court clerk. However, it is clear that in enacting subdivision (a) the Legislature declined to distinguish between a 20-day notice given by a court clerk and a 15-day notice given by a party and simply stated the court was to have proof of only “15 days” notice.
This interpretation of section 594 follows the rules of statutory construction. When interpreting a statute, the court’s function is to ascertain legislative intent and to give it effect. (People v. Davis (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) Wherever possible, all parts of a statute should be construed to achieve harmony between seemingly conflicting provisions. (Estate of McDill (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874].) Courts are obliged to avoid wherever possible interpreting statutes in a way which renders part of them superfluous. (See Longshore v. County of Ventura (1979) 25 Cal.3d 14, 24 [157 Cal.Rptr. 706, 598 P.2d 866] .) Our interpretation of section 594 of the Code *Supp. 37 of Civil Procedure comports with the rules of statutory construction. Our interpretation necessarily requires rejection of defendant’s argument that subdivision (b) becomes jurisdictional by virtue of Code of Civil Procedure section 1013. The jurisdictional requirements are clearly set forth in subdivision (a) of section 594.*
The order denying relief from default and default judgment is affirmed. Plaintiff to recover costs on appeal.
Cooperman, P. J., and Soven, J., concurred.

 Section 1013, subdivision (a) states: “(a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal.”

 Section 594, states: “(a) In superior, municipal, and justice courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days’ notice of such trial or five days’ notice of such trial in an unlawful detainer action as specified in subdivision (b). If the adverse party has served notice of trial *Supp. 36 upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had such notice.
“(b) The notice to the adverse party required by subdivision (a) shall be served by mail on all the parties by the clerk of the court not less than 20 days prior to the date set for trial. In an unlawful detainer action where notice is served by mail such service shall be mailed not less than 10 days prior to the date set for trial. If notice is not served by the clerk as required by this subdivision, it may be served by mail by any party on the adverse party not less than 15 days prior to the date set for trial, and in an unlawful detainer action where notice is served by mail such service shall be mailed not less than 10 days prior to the date set for trial. The time provisions of Section 1013 shall not serve to extend the notice of trial requirements under this subdivision for unlawful detainer actions. If notice is served by the clerk, proof thereof may be made by introduction into evidence of the clerk’s certificate pursuant to subdivision (3) of Section 1013a or other competent evidence. If notice is served by a party, proof may be made by introduction into evidence of an affidavit or certificate pursuant to subdivision (1) or (2) of Section 1013a or other competent evidence. The provisions of this subdivision are exclusive.”

See footnote, ante, page Supp. 33.