[No. E011760. Fourth Dist., Div. Two. Jan. 19, 1995.]

URETHANE FOAM EXPERTS, INC., Cross-complainant, Cross-defendant and Appellant.
JOHN LATIMER, Cross-defendant, Cross-complainant and Respondent.

764

**COUNSEL**

MacLachlan, Burford & Arias and Christopher D. Lockwood for Cross-complainant, Cross-defendant and Appellant.

No appearance for Cross-defendant, Cross-complainant and Respondent.

## OPINION

**DABNEY, Acting P. J.**—This case concerns the validity of an ex parte trial and default judgment against a defendant following an order allowing withdrawal of counsel for the defendant that did not comply with the mandatory procedures established in the California Rules of Court.[1]

Plaintiff First California Property and Casualty Insurance Company (First California) filed a complaint on July 12, 1989, alleging that its insured, cross-complainant John Latimer, had hired defendant Urethane Foam Experts, Inc. (Urethane) to repair a roof at a hotel and restaurant complex in Palm Springs. The contract called for payment to Urethane of $6,500. The complaint alleged that during the course of the repairs, Urethane left the roof open and exposed to the rain, and damages to the building and lost rental income resulted. First California paid for the repairs and then brought this suit in subrogation.

Urethane filed an answer and cross-complained against Latimer for sums due on the contract. Latimer filed a cross-complaint alleging damage exceeding that reimbursed by his insurer. Urethane filed an answer to the cross-complaint.

On May 18, 1992, Urethane's counsel of record moved to withdraw as counsel of record on the ground of nonpayment of bills. The court signed an order on June 11, 1992, granting the motion. The order stated that counsel was authorized to withdraw and that counsel should give notice to Urethane. The order stated, "The motion of attorneys Leonard A. Bock and Scott N. Harlow for an order of this court permitting each of them to withdraw as attorneys for defendant/cross-defendant, having come on regularly for hearing, [¶] It Is HEREBY ORDERED that Leonard A. Bock and Scott N. Harlow be and are authorized to withdraw as attorneys for defendant/cross-defendant URETHANE FOAM EXPERTS, and that said attorneys shall give notice to said defendant at 732 Williams Road, Palm Springs, Ca. 92262, their telephone number being (619) 323-4196." The record does not indicate that the order was served on anyone.

On June 12, 1992, First California's counsel served a "notice of ruling and trial setting." The notice stated that the motion to withdraw had been granted and the court had set trial for July 6, 1992. The notice was mailed directly to Urethane.

On July 2, 1992, Urethane's former counsel served by mail on Urethane a form entitled "notice of attorney's withdrawal." However, the notice did not

---

[1] All further references to rules are to the California Rules of Court.

contain any of the mandatory language of rule 376 concerning the client's obligations and the risks of failing to obtain new representation.

On July 6, 1992, the court conducted a trial and awarded judgment to First California in the amount of $85,899 and judgment to Latimer in the amount of $285,997. The court also awarded costs and prejudgment interest on both judgments. The judgment in favor of First California was entered on July 13, 1992, and notice of entry of the judgment was served on Urethane on July 21, 1992. The judgment in favor of Latimer was entered on July 16, 1992, and notice of entry of the judgment was served on Urethane on July 23, 1992.

On September 21, 1992, Urethane filed a notice of appeal as to both judgments. However, on November 24, 1992, the court dismissed as untimely the appeal as to the judgment in favor of First California.

## DISCUSSION

Urethane contends the trial court did not comply with the procedures specified in the California Rules of Court for the withdrawal of attorneys from representation.[2]

Rule 376(d) states, "The order relieving counsel shall be served on the client and on all other parties in the manner specified in subdivision (c) for service of the notice. The order shall state the last known address and telephone number of the client which shall be the address and number of record for that party subject to Code of Civil Procedure section 1011(b). *The order shall inform the client that failure to take appropriate action may result in serious legal consequences and the client might want to seek legal assistance. The order shall inform a corporate client that (1) it may participate in the action only through an attorney, (2) it retains all the obligations of a litigant, and (3) failure to appoint an attorney may lead to an order striking its pleadings or entry of its default.*" (Italics added.)

■ Here, the court's order failed to inform Urethane that failure to act could result in serious legal consequences or to advise Urethane to seek legal assistance. The order also failed to inform Urethane, a corporation, that it could participate in the action only through an attorney, that it had continuing obligations as a litigant, and that entry of a default judgment against it was possible if it did not obtain legal representation.

Rule 376 was clearly designed to protect a client's rights when its counsel of record seeks to withdraw. Rule 376 requires the court to inform a party of

---

[2]Latimer did not file any respondent's brief.

the consequences that may result from failure to obtain substitute counsel. Here, the court did not discharge this duty. Hence, the court erred in allowing counsel of record to withdraw without advising Urethane of the consequences of failure to obtain new counsel. We therefore conclude that the order was ineffective, and the court erred in permitting counsel of record to withdraw without giving proper advice to Urethane.

The court's error led to a trial at which Urethane did not appear and the entry of judgment against Urethane in favor of Latimer in the amount of $285,997 plus costs and prejudgment interest.

■ Code of Civil Procedure section 594, subdivision (a) provides that a trial may not take place unless the adverse party was given at least 15 days' notice. This requirement is mandatory and jurisdictional; a judgment entered following a trial conducted in violation of the requirement is void. (*Irvine National Bank* v. *Han* (1982) 130 Cal.App.3d 693, 697 [181 Cal.Rptr. 864]; *Isherwood* v. *Hyrosen Properties, Inc.* (1987) 194 Cal.App.3d Supp. 33 [240 Cal.Rptr. 157].)

■ Here, First California's counsel did send notice of the trial date more than 15 days in advance of the trial. However, the notice was sent to a party that had not received adequate notice of the withdrawal of its attorney; the notice was therefore ineffective. The judgment must be reversed.

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

Hollenhorst, J., and Bigelow, J.,* concurred.

---

*Retired judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.