Filed 7/23/14  Marriage of Estrada and Arias CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of MARIA FELIX ESTRADA and TAINE ANTONIO ARIAS. | |
| MARIA FELIX ESTRADA,<br><br>    Appellant,<br><br>v.<br><br>TAINE ANTONIO ARIAS,<br><br>    Respondent. | E059199<br><br>(Super.Ct.No. SBFSS095746)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael J. Torchia, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Maria Estrada, in pro. per., for Appellant.

No appearance for Respondent.

In this marital dissolution proceeding, appellant Maria Felix Estrada, who at the time was in propria persona, failed to appear on the date set for a short cause trial. The family court set a settlement conference, a default prove-up hearing, and ordered counsel for respondent Taine Antonio Arias to give notice. Although Arias's attorney gave Estrada written notice eight days before the default prove-up hearing, Estrada did not appear. The family court found that Estrada was given proper notice and, after Arias was examined by counsel, the court entered a final judgment of dissolution. Estrada appealed, contending the judgment is void because the record contains no evidence she received actual or constructive notice of the trial date or of the default prove-up hearing.

The record contains evidence that Estrada had at least constructive notice of the trial date and was served with notice of the prove-up hearing. However, the record clearly demonstrates Estrada was not afforded notice 15 days before the uncontested hearing, as mandated by Code of Civil Procedure[1] section 594, subdivision (a). Because notice 15 days before the prove-up hearing was a jurisdictional prerequisite, we must reverse the judgment.

I.

PROCEDURAL BACKGROUND

After various proceedings in this marital dissolution proceeding (including but not limited to entry of Arias's default and a stipulation to vacate the default), the family court

---

[1] Unless otherwise indicated, all further undesignated statutory references are to the Code of Civil Procedure.

set a continued trial setting conference for September 30, 2011, for which the clerk gave notice. On that date, Don Gonzales, appearing specially for Estrada's attorney Carroll Lawson, appeared for Estrada who was not personally present. The family court conducted a settlement conference, after which it noted that the matter was contested and that the parties desired a court trial. The court therefore directed the parties to file and serve their exhibit and witness lists, and set the matter for a short cause trial on January 25, 2012. Counsel for the absent parties waived notice.

On November 10, 2011, Estrada filed a substitution of attorney substituting herself in propria persona for Lawson.

On January 25, 2012, Estrada failed to appear for trial. The minute order for that date states: "Court sets matter for a default prove-up hearing. If [Estrada] fails to appear the matter will proceed by default." The family court set a settlement conference/default prove-up hearing for March 6, 2012, and directed Arias's attorney to give notice.

Counsel for Arias filed a notice of ruling re default prove-up hearing with the family court on February 28, 2012.[2] The notice informed Estrada that the family court set "a Default Prove-up hearing . . . for March 6, 2012, at 8:30 a.m.," and that "[i]f [she] fail[ed] to appear, the matter w[ould] proceed by default." The notice was supported by a

---

[2] Estrada did not designate the notice of ruling to be included in the clerk's transcript on appeal. On our own motion, we have directed the superior court to transmit a copy of the notice for our review, and we ordered the record on appeal to be augmented with the notice of ruling filed on February 28, 2012. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

proof of service indicating the notice had been served on Estrada by mail on February 27, 2012.

Estrada failed to appear for the March 6, 2012, default prove-up hearing. The family court noted that "[f]or the record, this matter was previously set for court trial on January 25th. [Estrada] failed to appear. The Court indicated that [the matter] would be set today for a settlement conference or default prove-up hearing. If [Estrada] failed to appear, the court would proceed by default." The family court found that "[n]otice of this proceeding was sent by [Arias's attorney] to [Estrada] on February 27, 2012." Arias's attorney informed the court there had not been any contact with Estrada and expressed Arias's desire to go forward with the default prove-up hearing. Counsel examined Arias, after which the court dissolved the marriage.

The court entered a final judgment of dissolution on May 16, 2013, and the clerk of the superior court served a notice of entry of judgment on May 21, 2013. Estrada timely filed a notice of appeal on July 15, 2013.

## II.

## DISCUSSION

"'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" (*In re Marriage of LaMoure* (2011) 198 Cal.App.4th 807, 829 [Fourth Dist., Div. Two], quoting *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "[I]t is the burden of the party challenging the order or judgment on appeal to provide an adequate record to assess

4

error." (*In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 470, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

Arias did not file a respondent's brief. "As a result, we may accept as true the facts stated in [appellant's] opening brief. ([Citation]; Cal. Rules of Court, rule 8.220(a)(2).) Nonetheless, [appellant] still bears 'the affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.'" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1077-1078.)

Because the parties submitted to the jurisdiction of the family court, the judgment entered in this case was not a default judgment under Code of Civil Procedure section 585 et sequitur. (See, e.g., Family Code, § 2336; Cal. Rules of Court, rules 5.401-5.415.) Rather, the judgment was rendered after an uncontested prove-up hearing, which is governed by Code of Civil Procedure section 594. (*Garamendi v. Golden Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 705; *Merrifield v. Edmonds* (1983) 146 Cal.App.3d 336, 341; Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶¶ 12:10, 12:14, p. 12-6.) Nonetheless, the California Supreme Court has indicated that a judgment entered after a hearing conducted pursuant to section 594, subdivision (a), "'is in the nature of a default.'" (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963 (*Au-Yang*).)

"The due process clauses of the United States and California Constitutions require that a party be given reasonable notice of a judicial proceeding. [Citations.] This notice requirement is codified in subdivision (a) of Code of Civil Procedure section 594 . . . , which states that a party may proceed in the absence of an adverse party with a trial that

involves issues of fact if proof is made to the court that 'the adverse party has had 15 days' notice of such trial.'" (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 54.)

The purpose of the notice requirement under section 594, subdivision (a), "'is to prevent the possibility of such default being taken against one who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear.' [Citations.] [¶] Proceeding to judgment in the absence of a party is an extraordinary and disfavored practice in Anglo-American jurisprudence: '[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.' [Citations.] Reflecting this principle, section 594[, subdivision ](a) expressly puts the burden on the party seeking to proceed with trial in the absence of the opposing party to prove that the absent party received the statutory 15-day notice. The Legislature has not required the absent party to show that it did *not* receive the statutorily required notice." (*Au-Yang*, *supra*, 21 Cal.4th at p. 963.)

Compliance with the notice requirement of section 594, subdivision (a), is mandatory and jurisdictional.[3] (*Au-Yang*, *supra*, 21 Cal.4th at p. 964; *Urethane Foam Experts, Inc. v. Latimer* (1995) 31 Cal.App.4th 763, 767 (*Latimer*) [Fourth Dist., Div. Two]; *People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 126; *Minkin v. Levander* (1986) 186 Cal.App.3d 64, 70; *Bird v.*

---

[3] In contrast, the Supreme Court held that compliance with the statutory manner of proving notice under section 594, subdivision (b), although mandatory, is not jurisdictional. (*In re Marriage of Goddard*, *supra*, 33 Cal.4th at p. 58.)

*McGuire* (1963) 216 Cal.App.2d 702, 713; Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, ¶ 12.16.1, p. 12-7; 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 475, p. 932.)  As this court previously noted, "a judgment entered following a trial conducted in violation of the [notice] requirement is void." (*Latimer*, at p. 767.)

According to Estrada, the record on appeal is completely devoid of evidence that she received actual or constructive notice of the trial date or of the prove-up hearing.  We disagree.  The register of actions demonstrates Estrada was represented by counsel at the September 30, 2011, trial setting conference during which the family court set the trial date.  The attorney who appeared for Estrada's attorney of record waived written notice.  Because Estrada did not move to set aside the judgment and, therefore, she filed no affidavit or declaration in the family court, there is no evidence in the record that Estrada *did not* receive notice of the trial date.

Even if Estrada did not receive actual notice of the trial date, the record contains evidence that she had notice of the prove-up hearing.  When Estrada failed to appear for trial on January 25, 2012, the trial court set the matter for a prove-up hearing on March 6, 2012, and ordered Arias to give notice.  Arias's attorney filed a notice of ruling on February 28, 2012, which was served on Estrada the day before.  On the day of the prove-up hearing, Arias met his burden of introducing evidence that Estrada received notice.  Again, Estrada filed no affidavit or declaration in the trial court to contradict the evidence that she was provided with notice of the prove-up hearing.

Although the record does not support Estrada's contention that she received no notice whatsoever of the prove-up hearing, the record plainly demonstrates that the family court lacked jurisdiction to proceed with the prove-up hearing in Estrada's absence and to enter a judgment. The prove-up hearing took place on March 6, 2012, more than 15 days after the hearing was set on January 25, 2012. But Arias's attorney waited until February 27, 2012, to serve Estrada with a notice of ruling. As a result, Estrada only received an eight-day notice, instead of the mandatory 15 days. (§ 594, subd. (a); *Au-Yang*, *supra*, 21 Cal.4th at p. 963.) Therefore, the judgment is void and must be reversed. (*Latimer*, *supra*, 31 Cal.App.4th at p. 767.)

III.

DISPOSITION

The judgment is reversed. Appellant Maria Felix Estrada shall recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


CODRINGTON
J.

8