Filed 7/24/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SEVERSON & WERSON, A PROFESSIONAL CORPORATION, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FAREED SEPEHRY-FARD, <br><br> Defendant and Appellant. | H045161 <br> (Santa Clara County <br> Super. Ct. No. 17CH007672) |

The trial court issued a workplace violence restraining order under Code of Civil Procedure section 527.8 against appellant Fareed Sepehry-Fard on four days' notice without an accompanying order shortening time. We conclude the five days' notice requirement of section 527.8 is jurisdictional and renders the court's resulting order void in the absence of the party who did not receive the five days' notice. We will reverse the order accordingly.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Using the mandatory Judicial Council form, on August 15, 2017, respondent Severson & Werson, a law firm, filed a *Petition for Workplace Violence Restraining Orders* (WV-100), seeking protection for all its employees, including four specifically

---

[1] All undesignated statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Given the basis of our ruling, our discussion of the factual and procedural history will focus on the filing of the request for the restraining order and the procedural issues that arose thereafter, rather than the substance of the petition. Similarly, although Sepehry-Fard makes numerous factual claims in his briefs on appeal about the conduct of Severson & Werson and the trial court, most of those claims are not supported by citations to the record and have no bearing on the legal issues present in this appeal. (See Section II(B), *post*.) We thus will not recount them here.

named: Bernard J. Kornberg, Adam N. Barasch, William A. Aspinwall, and Joseph W. Guzzetta. Severson & Werson identified 14 lawsuits in which its employees had been involved with Sepehry-Fard, stating the employees "are attorneys who, while working for petitioner Severson & Werson, have had their names appear in the captions of pleadings, have physically appeared at hearings, or have had communications with [Sepehry-Fard] in one or more of the many suits listed [in the petition] in which petitioner Severson & Werson has represented its clients against [Sepehry-Fard]."[3]

The firm cited several incidents involving Sepehry-Fard and its employees in support of the request for a restraining order. Severson & Werson contended that Sepehry-Fard sent correspondence to the employees containing "veiled threats of physical violence against them," in which he alleged the employees had committed treason, which is punishable by "death or imprisonment without the possibility of parole." In 2015, Sepehry-Fard performed a "citizens arrest" of Kornberg and Guzzetta, with the result that a sheriff's deputy detained the two employees for an hour while investigating Sepehry-Fard's claims. Sepehry-Fard attempted to file a police report against the employees in July 2017, but his efforts were thwarted when the officer who took Sepehry-Fard's statement found his claims to be without merit. Shortly thereafter, Sepehry-Fard "drafted papers that purport to be arrest warrants for each of the persons named in [the petition]. The 'arrest warrants' list 23 'felony counts' including treason. [Sepehry-Fard] mailed the 'arrest warrants' to each of the persons named in [the petition]." Severson & Werson alleged that Sepehry-Fard is a member of the "sovereign citizen movement," a group whose members "believe they don't have to answer to any government authority," and "have been known by the FBI to 'commit murder and

---

[3] The Santa Clara County Superior Court has declared Sepehry-Fard to be a vexatious litigant. As Sepehry-Fard is the defendant in the instant matter, he was not required to seek a prefiling order to file the instant appeal. (See *John v. Superior Court* (2016) 63 Cal.4th 91, 100.)

physical assault; threaten judges, law enforcement professionals, and government personnel; and impersonate police officers and diplomats.' [Citation.]" Finally, Severson & Werson argued that the likelihood of Sepehry-Fard carrying out his threats against the employees was increased because "Severson & Werson is now representing U.S. Bank, which foreclosed on [Sepehry-Fard's] home, in an unlawful detainer action to evict [Sepehry-Fard] from that property. [Sepehry-Fard's] entire course of litigation and his threats against the persons listed in [the petition] arise from his efforts to avoid foreclosure of his home and an adjoining property that he has since sold."

In its petition, Severson & Werson asked the court to issue personal conduct orders precluding Sepehry-Fard from engaging in certain activities, as well as stay-away orders, with exceptions allowing Sepehry-Fard to contact attorneys regarding pending legal actions, "for the purpose of serving notice or documents in that action, arranging for hearings or discovery or negotiating a settlement," and to be within 100 yards of the attorneys during court hearings in order to "enter the building and courtroom and to address the court during the hearing." Severson & Werson requested these orders on a temporary basis pending the hearing, without notice to Sepehry-Fard, which the court granted.

The court set the hearing on the petition for September 5, 2017. On the Judicial Council form *Notice of Court Hearing* (WV-109), the court indicated Severson & Werson had to have the petition and all associated documents personally served on Sepehry-Fard at least five days before the hearing. While the mandatory form petition included a section wherein Severson & Werson could have asked for less than five days' notice, the firm left that portion of the form blank.

Severson & Werson filed a proof of service indicating a sheriff's deputy personally served the required documents to Sepehry-Fard on September 1, 2017, four days before the date set for hearing. On September 5, 2017, Aspinwall appeared at the hearing for Severson & Werson; Sepehry-Fard did not appear. Aspinwall informed the

3

court he had not seen Sepehry-Fard that morning. The court asked, "And we have service?" to which Aspinwall replied, "I believe so. Deputy Winslow informed me that he was served on Friday." The court then conducted a hearing, at which Aspinwall testified; the court also relied on declarations submitted with the petition, and exhibits introduced at the hearing. Based on the evidence, the court found Severson & Werson met the burden of proof to show a harassing course of conduct. It entered a three-year restraining order with terms nearly identical to those issued in the temporary order. The court filed the written *Workplace Violence Restraining Order After Hearing* (Judicial Council form WV-130) on September 6, 2017. A sheriff's deputy had the new order personally served on Sepehry-Fard on September 8, 2017. Sepehry-Fard timely filed notice of the instant appeal on September 12, 2017; the order is appealable under section 904.1, subdivision (a)(6).

## II. DISCUSSION

Sepehry-Fard raises two main arguments on appeal. First, he contends the trial court violated his constitutional right to due process by holding the hearing without affording him proper notice and an opportunity to be heard. Second, he alleges the trial court appeared biased and colluded with Severson & Werson to violate Sepehry-Fard's due process rights. We conclude Sepehry-Fard did not receive adequate notice or an opportunity to be heard to contest the issuance of the restraining order, as he did not receive the notice required by section 527.8, and reverse the order on that basis. We do not find evidence in the record supporting Sepehry-Fard's contention that the trial court exhibited bias or colluded with Severson & Werson to deprive Sepehry-Fard of his right to due process.

### A. *Standard of Review*

There is no dispute the trial court in this matter held the hearing on the petition four days after Severson & Werson had the petition and other required pleadings personally served on Sepehry-Fard. On appeal, we generally review an injunction issued

4

under section 527.8 to determine whether the necessary factual findings are supported by substantial evidence, resolving all factual conflicts in favor of the prevailing party, and drawing all reasonable inferences in support of the trial court's findings. (*City of San Jose v. Garbett* (2010) 190 Cal.App.4th 526, 538 (*Garbett*).) However, "[t]he question whether the order was authorized under the statute, as a matter of statutory interpretation, is reviewed de novo. [Citation.] We review procedural due process claims de novo because 'the ultimate determination of procedural fairness amounts to a question of law.' [Citation.]" (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 241.)

We note Sepehry-Fard did not raise the issue of untimely service in the trial court; he did not appear at the hearing, and did not, as far as the record on appeal reflects, seek further relief from the order in the trial court. Although we are generally precluded from considering an issue not raised in the trial court where an objection could have been, but was not, raised, "this rule does not apply when the theory raised for the first time on appeal is a pure question of law applied to undisputed facts. [Citations.]" (*Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 699-700.) Our interpretation of the notice provision of section 527.8 is a question of law; the relevant facts are not in dispute. Therefore, we will review the issue de novo.

### B. The Trial Court's Order is Void as it Issued Without Proper Notice to Sepehry-Fard

#### 1. The Law Applicable to Workplace Violence Restraining Orders

"Section 527.8, the Workplace Violence Safety Act, enables an employer to seek an injunction to prevent violence or threatened violence against its employees. The statute provides, 'Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and, if appropriate, other employees at

5

other workplaces of the employer.' (§ 527.8, subd. (a).)" (*Garbett*, *supra*, 190 Cal.App.4th at p. 536.)

The trial court may issue a temporary restraining order under section 527.8 without notice to the responding party. (See § 527.8, subd. (f).) Within 21 to 25 days, the court must then hold a hearing to "receive any testimony that is relevant" and "make an independent inquiry." (§ 527.8, subd. (j).) "If the judge finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence, an order shall issue prohibiting further unlawful violence or threats of violence." (*Ibid*.) "Upon filing of a petition under this section, the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition. Service shall be made at least five days before the hearing. The court may, for good cause, on motion of the petitioner or on its own motion, shorten the time for service on the respondent." (§ 527.8, subd. (m); Cal. Rules of Court, rule 3.1160(c).)

### 2. *Sepehry-Fard Did Not Receive Adequate Notice or an Opportunity to be Heard Prior to the Issuance of the Restraining Order*

Because Severson & Werson served Sepehry-Fard with notice four days before the hearing, rather than five, Sepehry-Fard argues the trial court violated his due process rights by proceeding in his absence. "The due process clauses of the United States and California Constitutions[4] require that a party be given reasonable notice of a judicial proceeding." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 54.) The appellate courts have not yet addressed the issue of whether a failure to serve notice of a hearing under section 527.8 at least five days prior to the hearing, absent an order shortening time, constitutes a violation of the responding party's due process rights.

---

[4] Both the federal and state constitutions preclude the taking of "life, liberty, or property" without due process. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)

"Where we must construe a statutory provision, we are guided by the firmly established principles governing statutory interpretation: ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] . . . '[T]he intent prevails over the letter, and the letter will, if possible, be so read so as to conform to the spirit of the act.' [Citation.] . . . [W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citations.]" (*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 331-332 (*Scripps*).)

Certainly, the language of section 527.8, subdivision (m) suggests the Legislature intended the trial court to require at least five days' notice to the responding party before proceeding in his or her absence, as the statute states "[s]ervice *shall* be made at least five days before the hearing." (Italics added.) "The word 'shall,' when used in a statute, is ordinarily construed as mandatory or directory, as opposed to permissive [citations], particularly when . . . the Legislature has used both the terms 'shall' and 'may' in the same statute. [Citations.] Furthermore, when a statute uses language such as 'at least,' it is a good indication that the Legislature meant precisely that: that *at least* that amount of time is the *reasonable* amount of time needed for purposes of due process. [Citation.]" (*Judith P. v. Superior Court* (2002) 102 Cal.App.4th 535, 551-552 (*Judith P.*).)

The legislative history of section 527.8 further supports a reading that its stated deadline is mandatory, rather than discretionary. "Section 527.8 was enacted in 1994 to establish parallel provisions to section 527.6 [authorizing civil harassment restraining orders]. It authorized any employer to pursue a TRO and an injunction on behalf of its employees to prevent threats or acts of violence by either another employee or [a] third person. Given that section 527.6 only allowed injunctive relief for natural persons [citation], section 527.8 was enacted to allow a corporate employer to bring such an

7

action on behalf of an employee. Section 527.8 was thus intended to enable employers to seek the same remedy for its employees as section 527.6 provides for natural persons. The express intent of the author of the legislation was to address the growing phenomenon in California of workplace violence by providing employers with injunctive relief so as to *prevent* such acts of workplace violence. (Sen. Rules Com., 3d reading analysis of Assem. Bill No. 68 (1993-1994 First Ex. Sess.) Aug. 31, 1994; Assem. Bill No. 68, Concurrence in Sen. Amends. (1993-1994 First Ex. Sess.) Aug. 31, 1994; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 68 (1993-1994 First Ex. Sess.) as amended June 30, 1994.)" (*Scripps*, *supra*, 72 Cal.App.4th at pp. 333-334, fn. omitted; accord *USS-Posco Industries v. Edwards* (2003) 111 Cal.App.4th 436, 443.) In enacting section 527.8, the Legislature expressly declared its intent to "provide employers with traditional prohibitory injunctive relief on behalf of their employees who have suffered unlawful violence or a credible threat of such violence from facing more in the future." (*Scripps*, at p. 334.)

Under "traditional prohibitory injunctive relief," the trial court must dissolve a temporary injunction if the matter comes on for hearing on the preliminary injunction and the party seeking the injunction has not had notice of the hearing personally served on the responding party in compliance with the relevant statute. (§ 527, subd. (d)(2).) While section 527.8 does not include this specific requirement, it is part of the same "scheme of law" as section 527 (see *Scripps*, *supra*, 72 Cal.App.4th at p. 332), such that it would be incongruous to read section 527.8 to allow a court to proceed without proper notice in workplace violence restraining order actions when it could not do so in other injunction proceedings. We observe that the purpose of the deadline is to provide protection to the individual potentially being made subject to a more permanent injunction. "A statute designed to provide protection for individuals is generally construed to have mandatory effect [citations], while provisions enacted to secure the orderly conduct of business (as

8

opposed to provisions enacted for the benefit of the individual) are directory. [Citations.]" (*Judith P.*, *supra*, 102 Cal.App.4th at p. 552.)

The requirement that five days' notice be given prior to holding a hearing on an injunction under section 527.8 is akin to the requirement that parties receive 15 days' notice prior to trial under section 594, subdivision (a).[5] The hearing required by section 527.8, subdivision (j) is effectively the trial on the matter. Under section 594, subdivision (a), the 15 days' notice requirement if the party does not appear for trial is "mandatory and jurisdictional; a judgment entered following a trial conducted in violation of the requirement is void. [Citations.]" (*Urethane Foam Experts, Inc. v. Latimer* (1995) 31 Cal.App.4th 763, 767.) "Proceeding to judgment in the absence of a party is an extraordinary and disfavored practice in Anglo-American jurisprudence: '[T]he policy of the law is to have every litigated case tried upon its merits . . . .' [Citations.]" (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963 (*Au-Yang*) [trial court lacked jurisdiction to proceed in party's absence when it advanced trial date to a date less than 15 days away, such that the defendant could not receive the statutorily required notice].) In a workplace violence restraining order action, the notice requirements of section 527.8 serve the same policy goals, while simultaneously furthering the purpose of the restraining order, to protect from further unlawful violence or threats of violence. (§ 527.8, subds. (a) and (j); see *Scripps*, *supra*, 72 Cal.App.4th at pp. 333-334.)

---

[5] "In superior courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial or five days' notice of the trial in an unlawful detainer action as specified in subdivision (b). If the adverse party has served notice of trial upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had notice." (§ 594, subd. (a).)

9

Severson & Werson argues that all the statute requires is "reasonable notice," asking us to find four days, rather than five, to be reasonable.[6] In support of this argument, Severson & Werson cites *Drummey v. State Board of Funeral Directors and Embalmers* (1939) 13 Cal.2d 75, 80 (*Drummey*), wherein the statute at issue allowed the State Board of Funeral Directors and Embalmers to revoke or suspend licenses "after proper hearing and notice to the licensee." The appellants in *Drummey* conceded they received "reasonable notice"; they argued the statute should have specified "the form, manner, [and] extent or duration of notice . . . ." (*Ibid*.) The Supreme Court held, "Due process does not require any particular form of notice or method of procedure. If the statute provides for reasonable notice and a reasonable opportunity to be heard, that is all that is required. [Citation.]" (*Ibid*.) But section 527.8 does not require "reasonable" or "proper" notice; it sets forth a specific time by which the petitioner in a workplace violence restraining order action must have notice served on the respondent, evidencing the Legislature's policy determination that five days' notice is reasonable and proper. (See *Au-Yang*, *supra*, 21 Cal.4th at pp. 962, 965.)

Severson & Werson further argues section 527.8 is not jurisdictional because it allows the court to shorten the notice period on the motion of a party or the court showing good cause to do so. Aside from referencing section 527.8, subdivision (m), Severson & Werson does not cite any additional legal authority in support of this position, nor did we find any authority precluding us from interpreting the statute as being jurisdictional based on the court's ability to shorten time. Most importantly, as discussed in section II(B)(3), *post*, there is nothing in the record to indicate either Severson & Werson or the trial court made a motion to shorten time, or that the trial court found good cause to do so.

---

[6] In his reply brief, Sepehry-Fard asks this court to disregard Severson & Werson's responsive brief, alleging Severson & Werson "did not address [Sepehry-Fard's] contention that [Severson & Werson] and the inferior court did not furnish notice and an opportunity to [Sepehry-Fard] to be heard." Severson & Werson did address this contention.

Based on the above, we interpret section 528.7 to include a mandatory requirement that the person subject to a workplace violence restraining order must receive at least five days' notice of the hearing absent a motion seeking shortened time and a showing of good cause. Failure to comply with the statutory requirement violates the restrained party's due process rights.[7]

### 3. *The Record Does Not Support An Inference of Good Cause to Shorten Time*

Severson & Werson asks this court to presume that the trial court exercised its discretion under section 527.8 to shorten the time for notice. While it is true the appellate court must presume the order to be correct (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609), indulging all "intendments and presumptions" to support the order "on matters as to which the record is *silent*," (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics added), the record here is not silent on the issue of notice. Severson & Werson did not ask the court to shorten notice prior to the hearing. Prior to the hearing, the court did not give notice of its own motion to shorten the required notice period. While the record indicates the court arguably learned notice was not timely at the hearing on September 5, 2017[8], there was no opportunity for the court to give Sepehry-Fard notice of its own motion to shorten time. Nor was there any indication on the record that the trial court considered whether good cause existed to shorten time.[9] We conclude the record clearly

---

[7] We limit this holding to the factual circumstances presented in this case, wherein the subject of the proposed restraining order did not appear at the hearing. We do not reach the issue of whether the requirement is jurisdictional if the proposed subject in fact appears.

[8] Aspinwall informed the court Severson & Werson had Sepehry-Fard served "on Friday." If September 1, the date of service, was a Friday, September 5, the date of the hearing, fell on a Tuesday, suggesting the trial court could have determined service was improper based on Aspinwall's statement.

[9] On appeal, Severson & Werson filed a Respondent's Appendix, consisting of two documents filed in a civil action against Sepehry-Fard in Santa Clara County Superior Court (Case no. 17CV314286): an ex parte application to have an unlawful

11

shows what the trial court did at the September 5, 2017 hearing, and we will not presume it did something different (i.e., shortened time for notice on a showing of good cause). (See *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1550; *Lafayette Morehouse Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384.)

### 4. The Error Requires Per Se Reversal

Even if we find section 527.8 mandated service at least five days prior to the hearing, Severson & Werson contends Sepehry-Fard has not met his burden to show prejudice as a result of the trial court's error. However, we conclude the trial court's failure to afford Sepehry-Fard proper notice and an opportunity to be heard constitutes a structural error that requires reversal regardless of Sepehry-Fard's ability to show prejudice or not.[10]

While the California Constitution generally prohibits a reviewing court from reversing a trial court order without a showing of prejudice (Cal. Const., art. VI, § 13), "even under article VI, section 13, an error is reversible per se when it constitutes 'a " 'structural [defect] in the . . . trial mechanism' " that defies evaluation for harmlessness.' [Citations.]" (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.) Such errors

---

detainer complaint served on Sepehry-Fard by posting and mail, and an order granting that request, signed on September 5, 2017, by the same judicial officer who conducted the workplace violence restraining order hearing at issue in this appeal. In the application, Severson & Werson, as attorneys for the plaintiff in the matter, alleged attempts at personal or substituted service of the unlawful detainer complaint would be futile. Severson & Werson argues this indicates the judicial officer knew of good cause to shorten time for notice of the workplace. There is nothing in the record on appeal showing the judicial officer received or considered this ex parte application prior to holding the workplace violence restraining order hearing.

[10] Sepehry-Fard did not explicitly discuss any purported prejudice in his opening appellate brief. In reply to Severson & Werson's contention that he failed to show prejudice, Sepehry-Fard addresses the alleged prejudice he suffered as a result of the court's order. Given our ruling, we do not need to determine whether his arguments otherwise meet the burden to show prejudice.

affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself," thus affecting the entire conduct of the trial from beginning to end. (*Arizona v. Fulminante* (1991) 499 U.S. 279, 309-310.)  Structural errors require per se reversal "because it cannot be fairly determined how a trial would have been resolved if the grave error had not occurred."  (*People v. Anzalone* (2013) 56 Cal.4th 545, 554.)  The effects of the error are " ' "unmeasurable" ' and ' "def[y] analysis by 'harmless-error' standards." ' [Citations.]"  (*Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 261, overruled in part on other grounds by *Lamps Plus, Inc. v. Varela* (2019) __ U.S. __ [139 S.Ct. 1407, 1417-1419].)  " 'In the civil context, structural error typically occurs when the trial court violates a party's right to due process by denying the party a fair hearing.  [Citation.]  . . .  'A structural error requires reversal without regard to the strength of the evidence or other circumstances.  [Citation.]'  [Citation.]"  (*Aulisio v. Bancroft* (2014) 230 Cal.App.4th 1516, 1527.)

Here, the trial court's decision to proceed in Sepehry-Fard's absence without proper notice to Sepehry-Fard effectively denied him the right to a fair hearing.  He alleges Severson & Werson "lied" to the court in presenting its case, both in the pleadings and in the testimony given at the hearing; Sepehry-Fard was not properly able to respond. Sepehry-Fard further questions the accuracy of the court reporter's transcript, and raises objections to several portions of testimony, issues he was precluded from raising because he did not receive proper notice of the hearing.[11]  Additionally, the error in notice did not occur during the presentation of the case; it happened before the hearing and thus precludes "an after-the-event assessment of the error.  Unlike erroneous admission of evidence or improper instructions, which can be reviewed in light of the evidence or instructions as a whole, the impact of having less than the statutorily mandated minimum

---

[11] As we dispose of the appeal on the basis of the structural error, we will not address these objections on appeal.  (See *Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 91.)

time within which to (1) confer with one's lawyer, (2) contact witnesses, (3) obtain documents, (4) prepare for examination and cross-examination, and (5) hone one's arguments, is impossible for either a trial court or an appellate court to assess." (*Judith P.*, *supra*, 102 Cal.App.4th at p. 557.) Determining prejudice in this context would require "a speculative inquiry into what might have occurred in an alternate universe." (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 150; see *In re James F.* (2008) 42 Cal.4th 901, 914-915.) We therefore conclude that the error is a structural defect requiring reversal of the trial court's order without regard to prejudice.

### C. *Sepehry-Fard Has Not Cited to Sufficient Evidence in the Record to Support his Other Claims*

Sepehry-Fard alleges the trial court colluded with Severson & Werson to deprive him of his rights in both the instant matter and another action Sepehry-Fard filed in Santa Clara County Superior Court (Case no. 2015-1-CH-006656), a case in which Sepehry-Fard sought a civil harassment restraining order against Severson & Werson (the civil harassment action). He also contends the trial court evidenced bias against him in the instant action and the civil harassment action. Sepehry-Fard does not cite to the record *in this action* in support of any of his contentions. His failure to do is fatal to his arguments. (See Cal. Rules of Court, rule 8.204(a)(1)(C) and (2)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented parties must follow correct rules of procedure and failure to do so can result in waiver of challenges on appeal].)

We previously denied Sepehry-Fard's request to have the records from the civil harassment action transferred to this court. To the extent Sepehry-Fard, in this appeal, asks us to review any orders issued by the trial court in the civil harassment action, his time to seek review has long-since passed.[12] To the extent he asks us to consider events

---

[12] Although the record on appeal does not contain pleadings from the civil harassment action necessary to determine the appropriate timing of an appeal, in his opening brief, Sepehry-Fard claims the trial court dismissed the action after he failed to pay the required court fees, despite his contention he was entitled to a fee waiver under

14

that took place in the civil harassment action or other lawsuits as evidence of the court's bias or collusion in the instant matter, Sepehry-Fard has not provided a sufficient record.[13]  Looking only at the events that took place in the instant matter, as reflected in the available record, we do not conclude the trial court engaged in bias or collusion when it proceeded with the hearing on September 5, 2017, without proper notice to Sepehry-Fard.  A trial court's rulings against a party, even if erroneous, do not, by themselves, support a charge of bias.  (See *People v. Pearson* (2013) 56 Cal.4th 393, 447.)  We therefore find no merit to these claims on appeal.

### III.  DISPOSITION

The September 6, 2017 order granting a workplace violence restraining order against Sepehry-Fard is reversed.

---

the Government Code.  In response, Severson & Werson indicated the court did so in 2015, a fact Sepehry-Fard does not dispute in his reply brief.  Any appeal of the resulting order of dismissal should have been filed in 2016 at the latest.  (See Cal. Rules of Court, rule 8.104.)

[13] We deny Sepehry-Fard's March 5, 2019 request to take judicial notice of two exhibits.  Sepehry-Fard describes the first exhibit, designated as "RJN Exhibit 1," as an "order granting preemptory challenge against the inferior court judge in Case Number 17 CV 314286."  What Sepehry-Fard attached as "RJN Exhibit 1" to his request is a "Request for Action" filed December 22, 2017, in *Nationstar Mortgage, LLC, et al. v. Fareed Sepehry-Fard*, Santa Clara County Superior Court Case no. 17CV314286, in which a deputy clerk of the court asked the assigned judicial officer to confirm whether the "peremptory challenge CCP 170.6" Sepehry-Fard filed on December 20, 2017, was timely.  The court answered "yes."  Although arguably a proper subject of judicial notice (see Evid. Code, §§ 452, subd. (d); 453), the document does not reflect the basis for any order granting a challenge to the judge, and thus is not relevant to resolution of the instant proceedings.  (See *National Asian American Coalition v. Brown* (2018) 25 Cal.App.5th 60, 69, fn. 6, review granted and cause transferred Oct. 10, 2018, S250687; *Towns v. Davidson* (2007) 147 Cal.App.4th 461, 473, fn. 3.)  Sepehry-Fard has not shown that the second exhibit, "RJN Exhibit 2," a purported printout from the Severson & Werson website, is subject to either mandatory or discretionary judicial notice under Evidence Code sections 451 or 452.

_____

Greenwood, P.J.

WE CONCUR:

_____

 Bamattre-Manoukian, J.

_____

 Danner, J.

Severson & Werson v. Sepehry-Fard
No. H045161

Trial Court:                                    Santa Clara County Superior Court
                                                Superior Court No.: 17CH007672

Trial Judge:                                    The Honorable Carol W. Overton


Attorney for Defendant and Appellant,           Fareed Sepehry-Fard, pro per
FAREED SEPEHRY-FARD:


Attorneys for Plaintiff and Respondent,         SEVERSON & WERSON
SEVERSON & WERSON:
                                                Joseph W. Guzzetta


Severson & Werson v. Sepehry-Fard
H045161